OPINION OF THE COURT
Herbert J. Miller, J.
Sua sponte, the court withdraws its decision dated February 20, 1985 and publishes the following in its place and stead.
This action for a divorce was tried before the court on September 11,1984. A judgment of divorce was granted to defendant on the ground of constructive abandonment.
The court reserved decision on the issues of whether an agreement between the parties was an enforceable contract and attorney’s fees.
The parties were united in matrimony on May 30, 1981, as husband and wife, against a mahr of $5,032 ($5,000 deferred payment and $32 prompt payment) under Islamic law. A marriage certificate, signed by the parties, was issued under the signature of the religious leader, Qazi of the Islamic Center of Corona, who performed the ceremony. The plaintiff made $32 prompt payment at the time the marriage was celebrated.
Plaintiff contends that the mahr is a religious document and not enforceable as a contract and, particularly, in a matrimonial action.
Defendant contends the mahr is enforceable as a contract and that this court, as a court of general jurisdiction, may, in the interest of judicial economy, determine this claim. In the interest of judicial economy, this court will determine this claim.
The document at issue conforms to the requirements of General Obligations Law § 5-701 (a) (3) and its secular terms are *1014 enforceable as a contractual obligation, notwithstanding that it was entered into as part of a religious ceremony. (Avitzur v Avitzur, 58 NY2d 108.) As a secular document it calls for the payment of $5,000 now.
Accordingly, defendant shall have judgment against the plaintiff on her second counterclaim in the amount of $5,000.
On the issue of counsel fees on the matrimonial cause of action, the court awards defendant $2,050 as and for counsel fees and disbursements.