Nita Kissel FANNING, Petitioner,

v.

Whitney Ely FANNING, Respondent.

No. D–2539.

Supreme Court of Texas.

Jan. 27, 1993.

Rehearing Overruled March 24, 1993.

LaNelle L. McNamara, Waco, for petitioner.

Pamela E. George, Houston, for respondent.

## OPINION ON MOTION
## FOR REHEARING

PER CURIAM.

In this divorce case Nita Fanning challenges the validity of a prenuptial agreement, claiming that it is unconstitutional and also that it was executed under duress and is unconscionable. The trial court found the agreement unconstitutional but did not make findings for Nita on her other claims; the court also refused Whitney Fanning's request to find that the agreement was voluntarily entered into. The trial court granted the divorce, awarded custody of the couple's three children to Nita, ordered Whitney to pay child support, awarded Nita damages for Whitney's breach of fiduciary duty based in part on the unenforceability of the prenuptial agreement, and divided the marital estate. While the case was pending before the court of appeals, this Court issued its opinion in *Beck v. Beck*, 814 S.W.2d 745 (Tex. 1991), as a result of which the appeals court held that the premarital agreement is not unconstitutional and that it should be enforced. The court of appeals reversed the property division and award of damages for breach of fiduciary duty, and re-manded the case for reconsideration of these issues and enforcement of the premarital agreement. In all other respects the divorce decree was affirmed. 828 S.W.2d 135.

We agree that the case must be remanded to the trial court, but we conclude that the issues to be reconsidered should not be so narrowly confined. The trial court should not, in the interest of justice, be required to enforce the premarital agreement but should have the opportunity to reconsider Nita's other challenges to its enforceability. Nita's failure to request, and the trial court's failure to make, findings regarding duress and unconscionability may well have been premised on the reasoning that those claims need not be addressed if the agreement was unconstitutional. We have broad discretion to remand a case in the interest of justice, TEX. R.APP.P. 180, and have often done so when "it appears from the record that the losing party might be able to recover under some other established legal theory that was not developed at the first trial." *Westgate, Ltd. v. State*, 843 S.W.2d 448, 455 (Tex. 1992) (citing authorities). It may be necessary for the trial court to redetermine the property division regardless of the enforceability of the premarital agreement, but it need not redetermine damages unless the agreement is found to be enforceable. If the damages Nita claims for breach of fiduciary duty are unliquidated and a retrial to determine those damages is necessary, Whitney's liability for alleged breaches must also be retried as long as that liability is contested. TEX.R.APP.P. 184(b).

Accordingly, a majority of the Court without hearing oral argument grants Nita Fanning's motion for rehearing, grants her application for writ of error, reverses that portion of the judgment of the court of appeals requiring the trial court to enforce the premarital agreement, and affirms the judgment in all other respects. The case is remanded to the trial court for further proceedings consistent with this opinion.