Amir AHMED, Appellant,

v.

**Afreen S. AHMED, Appellee.**

**No. 14-07-00008-CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

June 17, 2008.

---

Gregory B. Enos, Webster, TX, for Appellant.

Cynthia Thomson Diggs, Houston, TX, for Appellee.

Panel consists of Justices YATES, GUZMAN, and BROWN.

## MAJORITY OPINION

LESLIE B. YATES, Justice.

In this divorce case, appellant Amir Ahmed appeals from the trial court's order awarding his ex-wife, appellee Afreen S. Ahmed, $50,000 pursuant to an Islamic marriage certificate signed by the parties. We affirm in part and reverse and remand in part.

Amir and Afreen married in a civil ceremony in November 1999. Both are of Indian descent, and both practice the Islamic faith. The marriage was arranged

between the parties' families. They did not live together until about six months later after their Islamic marriage ceremony in New York on May 21, 2000. As part of this ceremony, the parties signed an Islamic marriage certificate called a "Nikah Nama," which mentions a deferred "Mahr" of $50,000. According to Afreen's trial testimony, a Mahr is an Islamic religious custom whereby the husband contracts to give the wife a sum of money, either at the time of the marriage or deferred in the event of a divorce.

Divorce proceedings began in July 2005. The trial court determined that the Mahr was a marital contract executed by the parties "in contemplation of a forthcoming marriage" and "a valid, binding, and enforceable contract under Sections 4.001–003 of the Texas Family Code," which governs premarital agreements. According, the trial court awarded Afreen $50,000 as liquidated contract damages.

On appeal, Amir argues that the trial court erred in enforcing the Mahr because (1) it is not a valid premarital agreement under the Family Code, (2) its terms are too vague and uncertain to be enforced, (3) the evidence is legally and factually insufficient to support the $50,000 award, (4) it is a religious agreement and enforcing it violates the Establishment Clause of the United States Constitution, (5) it encourages divorce, which is against public policy, and (6) according to Islamic law, enforcing a Mahr is inconsistent with an additional division of marital property.

■ Afreen argues that Amir has waived error on all these arguments except sufficiency. At trial, Amir's only trial objection to admitting the Mahr agreement was that it is "irrelevant" because the divorce was filed in Texas. In a post-trial hearing in which the trial court indicated it was enforcing the Mahr agreement, Amir made no objections, requesting only that payments be deferred until he finished a medical training fellowship. After the trial court issued its final judgment and findings, Amir filed a motion for new trial, stating in relevant part:

> The Court erred when it granted a money judgment in favor of [Afreen] in the amount of $50,000 for a [Mahr] agreement between the parties. Even though the court did not make an express finding, the court erred when it implicitly found that the religious based [Mahr] agreement constitutes an enforceable contract under the laws of Texas and [the] United States. The finding is not supported by evidence, or in the alternative, there is insufficient evidence to support the finding.

Afreen argues that because the motion for new trial mentions only legal and factual sufficiency, all of Amir's other arguments on appeal are not preserved. The trial court made specific findings that the Mahr agreement constitutes a valid, enforceable premarital agreement. Amir challenges these specific findings, arguing there is no evidence of the criteria necessary to enforce such an agreement or to show the terms of this agreement in a definite, certain manner. These direct challenges to the trial court's findings in this nonjury trial can be made for the first time on appeal. *See* TEX.R.APP. P. 33.1(d). However, Amir's other arguments—those regarding the Establishment Clause, public policy, and Islamic law—do not challenge a specific trial court finding on those issues and were not otherwise raised to the trial court. Thus, these arguments are waived. *See* TEX.R.APP. P. 33.1(a); *Santos v. Comm'n for Lawyer Discipline*, 140 S.W.3d 397, 405 (Tex.App.–Houston [14th Dist.] 2004, no pet.) (noting that even constitutional challenges can be waived).

■ In reviewing a trial court's findings of fact for legal and factual sufficien-

cy, we apply the same standards that we apply in reviewing jury findings. *Ulmer v. Ulmer*, 130 S.W.3d 294, 299 (Tex.App.–Houston [14th Dist.] 2004, no pet.). In a legal sufficiency or no evidence review, we determine whether the evidence would enable reasonable and fair-minded people to reach the finding under review. *See City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex.2005). In conducting this review, we credit favorable evidence if reasonable factfinders could and disregard contrary evidence unless reasonable factfinders could not. *See id.* We must consider the evidence in the light most favorable to the finding under review and indulge every reasonable inference that would support it. *See id.* at 822. We must, and may only, sustain no evidence points when either the record reveals a complete absence of evidence of a vital fact, the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, the evidence offered to prove a vital fact is no more than a mere scintilla, or the evidence establishes conclusively the opposite of the vital fact. *Id.* at 810. In a factual sufficiency review, we consider all the evidence supporting and contradicting the finding. *Plas–Tex, Inc. v. U.S. Steel Corp.*, 772 S.W.2d 442, 445 (Tex.1989). We set aside the finding only if the finding is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986).

▮▮▮ Amir argues that the Mahr agreement cannot be enforced as a premarital agreement because the parties made the agreement after being married. We agree. A premarital agreement is "an agreement between prospective spouses made in contemplation of marriage." Tex. Fam.Code Ann. § 4.001(1) (Vernon 2006). It is undisputed that the parties were married in a civil ceremony six months *before* they signed the agreement. Afreen argues that the date of the religious ceremony controls and because their religious ceremony came after signing the Mahr agreement, it qualifies as a premarital agreement. Afreen's authority does not support this argument. Although the cases she cites involve religious ceremonies, they do not address the issue of two separate ceremonies[1] or the date of the marriage was otherwise not an issue.[2] If the legal requirements for a ceremonial marriage are satisfied, Texas does not distinguish between civil and religious marriage ceremonies. *See Zetune v. Jafif-Zetune*, 774 S.W.2d 387, 389 (Tex.App.–Dallas 1989, writ denied). It is the parties' marital status, rather than a specific type of ceremony, that is significant. *See id.* at 389. Because the parties participated in a valid civil wedding ceremony six months before signing the Mahr agreement, they were already spouses, not "prospective spouses," and their agreement could not have been made "in contemplation of marriage." *See* Tex. Fam.Code Ann. § 4.001(1). Thus, the trial court erred in enforcing the Mahr agreement as a premarital agreement.

▮▮▮ Afreen argues in the alternative that the Mahr agreement can be enforced as a postmarital partition and exchange agreement under Family Code section 4.102. *See In re ExxonMobil Corp.*, 97 S.W.3d 353, 358 n. 5 (Tex.App.–Houston

---

1. *See Akileh v. Elchahal*, 666 So.2d 246, 247 (Fla.Dist.Ct.App.1996); *Avitzur v. Avitzur*, 58 N.Y.2d 108, 111, 459 N.Y.S.2d 572, 446 N.E.2d 136 (N.Y.1983); *Aziz v. Aziz*, 127 Misc.2d 1013, 488 N.Y.S.2d 123, 124 (Sup.Ct. 1985).

2. *See Habibi–Fahnrich v. Fahnrich*, No. 46186/93, 1995 WL 507388, at *1–3 (N.Y.Sup. July 10, 1995).

[14th Dist.] 2003, orig. proceeding) (stating that appellate court must uphold trial court's ruling if it reaches right result, even if for wrong reason). Amir argues that the terms of the Mahr agreement are too vague and uncertain to be enforced, which would prevent enforcing the agreement either as a premarital or postmarital agreement. "In order to be legally binding, a contract must be sufficiently definite in its terms so that a court can understand what the promisor undertook." *T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 221 (Tex.1992). This rule is designed to ensure that all parties to the contract understand and agree to the essential terms. *See Oakrock Exploration Co. v. Killam*, 87 S.W.3d 685, 690 (Tex. App.–San Antonio 2002, pet. denied). The agreement states that the parties "have been united ... in matrimony as husband and wife against a Mahr of. $50,000 of which prompt payment is nil and deferred payment is $50,000." Amir contends this language is too vague to be enforceable because it does not explain who would make the payment and when and how it would be paid. Based on the evidence presented at trial, we conclude the Mahr agreement was sufficiently specific in this case. We may look to the relationship between the parties and the circumstances surrounding the contract to determine if the terms were sufficiently definite for the parties to understand their obligations. *See ATOFINA Petrochemicals, Inc. v. Cont'l Cas. Co.*, 185 S.W.3d 440, 443 (Tex. 2005). Both parties were raised in the Islamic faith, and Afreen testified that the Mahr agreement is a contract based on Islamic custom and religious principles. Amir offered no testimony regarding the Mahr, but Afreen explained that the Mahr constitutes a promise of an amount to be paid to the bride and if not given before, it must be given at the time of a divorce. If credited by the trial court as factfinder,

this evidence establishes that the parties understood their agreement and that the terms are sufficiently specific to be enforced. *See id.*; *see also O'Farrill Avila v. González*, 974 S.W.2d 237, 244–45 (Tex. App.–San Antonio 1998, pet. denied).

■ Nevertheless, we cannot conclude whether the Mahr agreement constitutes a valid postmarital partition and exchange agreement in this case based on the other statutory requirements for such agreements. For example, partition and exchange agreements require an intent to convert community property into separate property. *See* TEX. FAM.CODE ANN. § 4.102 (Vernon 2006). However, the record is devoid of any evidence as to whether or not the parties intended the Mahr payment to come from Amir's separate property or from the community property. Thus, because Afreen's alternative theory is not established in the record, we cannot affirm the trial court's judgment on this basis. *See In re ExxonMobil*, 97 S.W.3d at 358 (noting that alternative ground must be "supported by the record"); *State v. Stone*, 271 S.W.2d 741, 753 (Tex.Civ. App.–Beaumont 1954, no pet.) (holding that appellate court cannot affirm on alternative ground if fact issues exist as to that ground).

■ Because the trial court's improper award of $50,000 to Afreen pursuant to enforcement of the Mahr agreement as a premarital agreement materially impacted the trial court's distribution of the parties' assets, we must remand for the trial court to reconsider this distribution. *See Jacobs v. Jacobs*, 687 S.W.2d 731, 732–33 (Tex. 1985); *Nelson v. Nelson*, 193 S.W.3d 624, 634 (Tex.App.–Eastland 2006, no pet.); *Evans v. Evans*, 14 S.W.3d 343, 347 (Tex. App.–Houston [14th Dist.] 2000, no pet.).

■ Furthermore, we believe it serves the interests of justice to allow

Afreen another opportunity on remand to prove that the Mahr agreement is enforceable on grounds other than as a premarital agreement, be it a partition and exchange agreement or otherwise.[3] The supreme court has held that, after finding error in the judgment, we have broad discretion to remand in the interests of justice. *See Bayway Servs., Inc. v. Ameri–Build Constr., L.C.*, 106 S.W.3d 156, 161 (Tex. App.–Houston [1st Dist.] 2003, no pet.) (citing *Scott v. Liebman*, 404 S.W.2d 288, 294 (Tex.1966)); *see also* TEX.R.APP. P. 43.3. As long as there is a probability that a case has, for any reason, not been fully developed, an appellate court has discretion to remand for a new trial rather than render a decision. *Scott Bader, Inc. v. Sandstone Prods., Inc.*, 248 S.W.3d 802, 822 (Tex.App.–Houston [1st Dist.] 2008, no pet. h.); *In re S.E.W.*, 168 S.W.3d 875, 886 (Tex.App.–Dallas 2005, no pet.). Moreover, remand is appropriate if a case needs further development because it was tried on an incorrect legal theory or to establish and present evidence regarding an alternate legal theory. *See Westgate, Ltd. v. State*, 843 S.W.2d 448, 455 (Tex.1992) (another legal theory not developed at trial); *Morrow v. Shotwell*, 477 S.W.2d 538, 541 (Tex.1972) (wrong legal theory in first trial); *Davis v. Gale*, 160 Tex. 309, 330 S.W.2d 610, 613 (1960) (opportunity to supply additional evidence); *Tex. Dep't of Pub. Safety v. Valdez*, 956 S.W.2d 767, 770 (Tex.App.–San Antonio 1997, no pet.) (wrong legal theory); *Schwartz v. Pinnacle Commc'ns*, 944 S.W.2d 427, 433 (Tex. App.–Houston [14th Dist.] 1997, no writ) (evidence not fully developed).

In this case, the trial court evaluated the Mahr agreement as a premarital agreement, and the parties neither argued nor developed evidence regarding any other theories of enforcement. Thus, we believe remanding on the issue of enforceability of the Mahr agreement, rather than rendering judgment, is in the interests of justice in this case. *See Fanning v. Fanning*, 847 S.W.2d 225, 226 (Tex.1993) (remanding to allow wife opportunity to challenge enforceability of premarital agreement on other grounds); *Scott Bader, Inc.*, 248 S.W.3d at 822 (remanding to allow plaintiff who improperly calculated damages opportunity to show proper measure).

We reverse the portion of the trial court's judgment awarding Afreen $50,000 pursuant to the Mahr agreement as a premarital agreement and remand for the trial court to determine if the Mahr agreement is enforceable on other grounds. We also reverse the portion of the trial court's judgment distributing the parties' assets and remand for the trial court to reconsider its distribution in light of this court's opinion and other rulings it may make regarding the enforceability of the Mahr

**3.** As part of his sufficiency challenge, Amir also argues that the evidence is legally and factually insufficient to show that he signed the agreement voluntarily or that he has not paid the money. Because these arguments are relevant to enforcing the agreement on other grounds, we address them here. Amir did not testify regarding the circumstances of his entering the agreement, but Afreen testified that both parties signed in front of witnesses, and the agreement itself states that the parties entered it "of their own free will." No evidence contradicts this, and we conclude the evidence is legally and factually sufficient to show Amir entered the agreement voluntarily. Further, Afreen testified that Amir owed her the money pursuant to the Mahr agreement and that Amir acknowledged this debt by noting "Mahr money" in the memo line of two court-ordered spousal support checks. Because Amir has never contended he has in fact paid the money and presented no evidence disputing the evidence to the contrary, we conclude the evidence at trial was legally and factually sufficient to establish that Amir has not paid the Mahr money.

agreement. We affirm the remainder of the trial court's judgment.

GUZMAN, J., concurring and dissenting.

EVA M. GUZMAN, Justice, concurring and dissenting.

I agree with the majority's analysis and its conclusion that the Mahr is unenforceable as a premarital agreement. I further agree that the trial court's award enforcing the agreement must be reversed and the case remanded for reconsideration of the distribution of the parties' assets. I respectfully disagree, however, with the majority's conclusion that, on these facts, the interests of justice are served by allowing Afreen the opportunity to recharacterize the Mahr and relitigate its enforceability under another theory. The parties do not contend that the case was tried on the wrong theory, and the decision to try the Mahr solely as a premarital agreement presumably reflects the intent of the contracting parties. I would therefore conclude that this is not an appropriate case for the exercise of a power that is best reserved for more compelling circumstances. *Cf. Fanning v. Fanning,* 847 S.W.2d 225, 226 (Tex.1993) (per curiam) (op. on reh'g) (remand in interests of justice after law changed while appeal was pending); *Scott v. Liebman,* 404 S.W.2d 288, 294 (Tex.1966) (counsel represented that party relied on statement in Texas Supreme Court opinion that was subsequently disapproved); *Scott Bader, Inc. v. Sandstone Prods., Inc.,* 248 S.W.3d 802, 822 (Tex.App.–Houston [1st Dist.] 2008, no pet.) (trial court's sanctions prevented development of evidence).