Affirmed in Part, Reversed and Remanded in Part, and Majority and
Concurring and Dissenting Opinions filed June 17, 2008








 

Affirmed
in Part, Reversed and Remanded in Part, and Majority and Concurring and Dissenting Opinions filed June 17,
2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00008-CV

____________

 

AMIR AHMED, Appellant

 

V.

 

AFREEN S. AHMED, Appellee

 



 

On Appeal from the 308th
District Court

Harris County, Texas

Trial Court Cause No. 2005-41063

 



 

M A J O R I T Y   O P I N I O N

In this divorce case, appellant Amir Ahmed appeals from the
trial court=s order awarding his ex-wife, appellee Afreen S.
Ahmed, $50,000 pursuant to an Islamic marriage certificate signed by the
parties.  We affirm in part and reverse and remand in part.








Amir and Afreen married in a civil ceremony in November
1999.  Both are of Indian descent, and both practice the Islamic faith.  The
marriage was arranged between the parties= families.  They
did not live together until about six months later after their Islamic marriage
ceremony in New York on May 21, 2000.  As part of this ceremony, the parties
signed an Islamic marriage certificate called a ANikah Nama,@ which mentions a
deferred AMahr@ of $50,000.  According to Afreen=s trial testimony,
a Mahr is an Islamic religious custom whereby the husband contracts to give the
wife a sum of money, either at the time of the marriage or deferred in the
event of a divorce.

Divorce proceedings began in July 2005.  The trial court
determined that the Mahr was a marital contract executed by the parties Ain contemplation
of a forthcoming marriage@ and Aa valid, binding,
and enforceable contract under Sections 4.001-003 of the Texas Family Code,@ which governs
premarital agreements.  According, the trial court awarded Afreen $50,000 as
liquidated contract damages.

On appeal, Amir argues that the trial court erred in
enforcing the Mahr because (1) it is not a valid premarital agreement under the
Family Code, (2) its terms are too vague and uncertain to be enforced, (3) the
evidence is legally and factually insufficient to support the $50,000 award,
(4) it is a religious agreement and enforcing it violates the Establishment
Clause of the United States Constitution, (5) it encourages divorce, which is
against public policy, and (6) according to Islamic law, enforcing a Mahr is
inconsistent with an additional division of marital property.

Afreen argues that Amir has waived error on all these
arguments except sufficiency.  At trial, Amir=s only trial
objection to admitting the Mahr agreement was that it is Airrelevant@ because the
divorce was filed in Texas.  In a post-trial hearing in which the trial court
indicated it was enforcing the Mahr agreement, Amir made no objections,
requesting only that payments be deferred until he finished a medical training
fellowship.  After the trial court issued its final judgment and findings, Amir
filed a motion for new trial, stating in relevant part: 








The Court erred when it granted a
money judgment in favor of [Afreen] in the amount of $50,000 for a [Mahr]
agreement between the parties.  Even though the court did not make an express
finding, the court erred when it implicitly found that the religious based
[Mahr] agreement constitutes an enforceable contract under the laws of Texas
and [the] United States.  The finding is not supported by evidence, or in the
alternative, there is insufficient evidence to support the finding.

Afreen
argues that because the motion for new trial mentions only legal and factual
sufficiency, all of Amir=s other arguments on appeal are not
preserved.  The trial court made specific findings that the Mahr agreement
constitutes a valid, enforceable premarital agreement.  Amir challenges these
specific findings, arguing there is no evidence of the criteria necessary to
enforce such an agreement or to show the terms of this agreement in a definite,
certain manner.  These direct challenges to the trial court=s findings in this
nonjury trial can be made for the first time on appeal.  See Tex. R. App. P. 33.1(d).  However, Amir=s other argumentsCthose regarding
the Establishment Clause, public policy, and Islamic lawCdo not challenge a
specific trial court finding on those issues and were not otherwise raised to
the trial court.  Thus, these arguments are waived.  See Tex. R. App. P. 33.1(a); Santos v.
Comm=n for Lawyer Discipline, 140 S.W.3d 397,
405 (Tex. App.CHouston [14th Dist.] 2004, no pet.) (noting that even
constitutional challenges can be waived).








In
reviewing a trial court=s findings of fact for legal and factual sufficiency, we
apply the same standards that we apply in reviewing jury findings.  Ulmer v.
Ulmer, 130 S.W.3d 294, 299 (Tex. App.CHouston [14th Dist.] 2004, no pet.). 
In a legal sufficiency or no evidence review, we determine whether the evidence
would enable reasonable and fair‑minded people to reach the finding under
review.  See City of Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005). 
In conducting this review, we credit favorable evidence if reasonable
factfinders could and disregard contrary evidence unless reasonable factfinders
could not.  See id.  We must consider the evidence in the light most
favorable to the finding under review and indulge every reasonable inference
that would support it.  See id. at 822.  We must, and may only, sustain
no evidence points when either the record reveals a complete absence of
evidence of a vital fact, the court is barred by rules of law or of evidence
from giving weight to the only evidence offered to prove a vital fact, the
evidence offered to prove a vital fact is no more than a mere scintilla, or the
evidence establishes conclusively the opposite of the vital fact.  Id. at
810.  In a factual sufficiency review, we consider all the evidence supporting
and contradicting the finding.  Plas‑Tex, Inc. v. U.S. Steel Corp.,
772 S.W.2d 442, 445 (Tex. 1989).  We set aside the finding only if the finding
is so contrary to the overwhelming weight of the evidence as to be clearly
wrong and unjust.  See Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986).

Amir argues that the Mahr agreement cannot be enforced as a
premarital agreement because the parties made the agreement after being
married.  We agree.  A premarital agreement is Aan agreement
between prospective spouses made in contemplation of marriage.@  Tex. Fam. Code Ann. ' 4.001(1) (Vernon
2006).  It is undisputed that the parties were married in a civil ceremony six
months before they signed the agreement.  Afreen argues that the date of
the religious ceremony controls and because their religious ceremony came after
signing the Mahr agreement, it qualifies as a premarital agreement.  Afreen=s authority does
not support this argument.  Although the cases she cites involve religious
ceremonies, they do not address the issue of two separate ceremonies[1]
or the date of the marriage was otherwise not an issue.[2] 
If the legal requirements for a ceremonial marriage are satisfied, Texas does
not distinguish between civil and religious marriage ceremonies.  See Zetune
v. Jafif-Zetune, 774 S.W.2d 387, 389 (Tex. App.CDallas 1989, writ
denied).  It is the parties= marital status, rather than a specific
type of ceremony, that is significant.  See id. at 389.  Because the
parties participated in a valid civil wedding ceremony six months before signing
the Mahr agreement, they were already spouses, not Aprospective
spouses,@ and their
agreement could not have been made Ain contemplation
of marriage.@  See Tex.
Fam. Code Ann. ' 4.001(1).  Thus, the trial court erred in
enforcing the Mahr agreement as a premarital agreement.








Afreen argues in the alternative that the Mahr agreement
can be enforced as a postmarital partition and exchange agreement under Family
Code section 4.102.  See In re ExxonMobil Corp., 97 S.W.3d 353,
358 n.5 (Tex. App.CHouston [14th Dist.] 2003, orig.
proceeding) (stating that appellate court must uphold trial court=s ruling if it
reaches right result, even if for wrong reason).  Amir argues that the terms of
the Mahr agreement are too vague and uncertain to be enforced, which would
prevent enforcing the agreement either as a premarital or postmarital
agreement.  AIn order to be legally binding, a contract must be
sufficiently definite in its terms so that a court can understand what the
promisor undertook.@  T.O. Stanley Boot Co. v. Bank of El
Paso, 847 S.W.2d 218, 221 (Tex. 1992).  This rule is designed to ensure
that all parties to the contract understand and agree to the essential terms.  See
Oakrock Exploration Co. v. Killam, 87 S.W.3d 685, 690 (Tex. App.CSan Antonio 2002,
pet. denied).  The agreement states that the parties Ahave been united .
. . in matrimony as husband and wife against a Mahr of $50,000 of which prompt
payment is nil and deferred payment is $50,000.@ Amir contends
this language is too vague to be enforceable because it does not explain who
would make the payment and when and how it would be paid.  Based on the
evidence presented at trial, we conclude the Mahr agreement was sufficiently
specific in this case.  We may look to the relationship between the parties and
the circumstances surrounding the contract to determine if the terms were
sufficiently definite for the parties to understand their obligations.  See
Atofina Petrochemicals, Inc. v. Cont=l Cas. Co., 185 S.W.3d 440,
443 (Tex. 2005).  Both parties were raised in the Islamic faith, and Afreen
testified that the Mahr agreement is a contract based on Islamic custom and
religious principles.  Amir offered no testimony regarding the Mahr, but Afreen
explained that the Mahr constitutes a promise of an amount to be paid to the
bride and if not given before, it must be given at the time of a divorce.  If
credited by the trial court as factfinder, this evidence establishes that the
parties understood their agreement and that the terms are sufficiently specific
to be enforced.  See id.; see also O=Farrill Avila v.
González, 974 S.W.2d 237, 244B45 (Tex. App.CSan Antonio 1998,
pet. denied).








Nevertheless, we cannot conclude whether the Mahr agreement
constitutes a valid postmarital partition and exchange agreement in this case
based on the other statutory requirements for such agreements.  For example,
partition and exchange agreements require an intent to convert community
property into separate property.  See Tex.
Fam. Code Ann. ' 4.102 (Vernon 2006).  However, the record
is devoid of any evidence as to whether or not the parties intended the Mahr
payment to come from Amir=s separate property or from the community
property.  Thus, because Afreen=s alternative theory is not established in
the record, we cannot affirm the trial court=s judgment on this
basis.  See In re ExxonMobil, 97 S.W.3d at 358 (noting that
alternative ground must be Asupported by the record@); State v.
Stone, 271 S.W.2d 741, 753 (Tex. Civ. App.CBeaumont 1954, no
pet.) (holding that appellate court cannot affirm on alternative ground if fact
issues exist as to that ground).

Because the trial court=s improper award
of $50,000 to Afreen pursuant to enforcement of the Mahr agreement as a
premarital agreement materially impacted the trial court=s distribution of
the parties= assets, we must remand for the trial court to
reconsider this distribution.  See Jacobs v. Jacobs, 687 S.W.2d
731, 732B33 (Tex. 1985); Nelson
v. Nelson, 193 S.W.3d 624, 634 (Tex. App.CEastland 2006, no
pet.); Evans v. Evans, 14 S.W.3d 343, 347 (Tex. App.CHouston [14th
Dist.] 2000, no pet.).








Furthermore, we believe it serves the interests of justice
to allow Afreen another opportunity on remand to prove that the Mahr agreement
is enforceable on grounds other than as a premarital agreement, be it a
partition and exchange agreement or otherwise.[3] 
The supreme court has held that, after finding error in the judgment, we have
broad discretion to remand in the interests of justice.  See Bayway
Servs., Inc. v. Ameri-Build Constr., L.C., 106 S.W.3d 156, 161 (Tex. App.CHouston [1st
Dist.] 2003, no pet.) (citing Scott v. Liebman, 404 S.W.2d 288, 294
(Tex. 1966)); see also Tex. R.
App. P. 43.3.  As long as there is a probability that a case has, for
any reason, not been fully developed, an appellate court has discretion to
remand for a new trial rather than render a decision.  Scott Bader, Inc. v.
Sandstone Prods., Inc., 248 S.W.3d 802, 822 (Tex. App.CHouston [1st
Dist.] 2008, no pet. h.); In re S.E.W., 168 S.W.3d 875, 886 (Tex. App.CDallas 2005, no
pet.).  Moreover, remand is appropriate if a case needs further development
because it was tried on an incorrect legal theory or to establish and present
evidence regarding an alternate legal theory.  See Westgate, Ltd. v. State,
843 S.W.2d 448, 455 (Tex. 1992) (another legal theory not developed at trial); Morrow
v. Shotwell, 477 S.W.2d 538, 541 (Tex. 1972) (wrong legal theory in first
trial); Davis v. Gale, 330 S.W.2d 610, 613 (Tex. 1960) (opportunity to
supply additional evidence); Tex. Dep=t of Pub. Safety
v. Valdez, 956 S.W.2d 767, 770 (Tex. App.CSan Antonio 1997,
no pet.) (wrong legal theory); Schwartz v. Pinnacle Commc=ns, 944 S.W.2d 427,
433 (Tex. App.CHouston [14th Dist.] 1997, no writ) (evidence not
fully developed).

In this case, the trial court evaluated the Mahr agreement
as a premarital agreement, and the parties neither argued nor developed
evidence regarding any other theories of enforcement.  Thus, we believe
remanding on the issue of enforceability of the Mahr agreement, rather than
rendering judgment, is in the interests of justice in this case.  See Fanning
v. Fanning, 847 S.W.2d 225, 226 (Tex. 1993) (remanding to allow wife
opportunity to challenge enforceability of premarital agreement on other
grounds); Scott Bader, Inc., 248 S.W.3d at 822 (remanding to allow
plaintiff who improperly calculated damages opportunity to show proper
measure).








We reverse the portion of the trial court=s judgment
awarding Afreen $50,000 pursuant to the Mahr agreement as a premarital
agreement and remand for the trial court to determine if the Mahr agreement is
enforceable on other grounds.  We also reverse the portion of the trial court=s judgment
distributing the parties= assets and remand for the trial court to
reconsider its distribution in light of this court=s opinion and
other rulings it may make regarding the enforceability of the Mahr agreement. 
We affirm the remainder of the trial court=s judgment.

 

 

 

 

/s/      Leslie B. Yates

Justice

 

 

 

 

Judgment rendered and Majority and Concurring and
Dissenting Opinions filed June 17, 2008.

 

Panel consists of Justices Yates, Guzman, and Brown.
(Guzman, J., concurring and dissenting).









[1]  See Akileh v. Elchahal, 666 So. 2d 246, 247
(Fla. Dist. Ct. App. 1996); Avitzur v. Avitzur, 58 N.Y.2d 108, 111 (N.Y.
1983); Aziz v. Aziz, 488 N.Y.S.2d 123, 124 (Sup. Ct. 1985).





[2]  See Habibi-Fahnrich v. Fahnrich, No.
46186/93, 1995 WL 507388, at *1B3 (N.Y. Sup.
Ct. July 10, 1995).





[3]  As part of his sufficiency challenge, Amir also
argues that the evidence is legally and factually insufficient to show that he
signed the agreement voluntarily or that he has not paid the money.  Because
these arguments are relevant to enforcing the agreement on other grounds, we
address them here.  Amir did not testify regarding the circumstances of his
entering the agreement, but Afreen testified that both parties signed in front
of witnesses, and the agreement itself states that the parties entered it Aof their own free will.@  No evidence contradicts this, and we conclude the evidence is legally
and factually sufficient to show Amir entered the agreement voluntarily. 
Further, Afreen testified that Amir owed her the money pursuant to the Mahr
agreement and that Amir acknowledged this debt by noting AMahr money@ in
the memo line of two court-ordered spousal support checks.  Because Amir has
never contended he has in fact paid the money and presented no evidence
disputing the evidence to the contrary, we conclude the evidence at trial was
legally and factually sufficient to establish that Amir has not paid the Mahr
money.