Affirmed and Memorandum Opinion filed February 12, 2009








Affirmed
and Memorandum Opinion filed February 12, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00894-CV

____________

 

BRIAN SIMON, Appellant

 

V.

 

D. MILLER & ASSOCIATES, PLLC,
TIMOTHY JOHN CLYNE, JAMILAH O. DRIVER, AND RYAN BRADLEY BORMASTER, Appellees



 

On Appeal from County
Civil Court at Law No. 3

Harris County, Texas

Trial Court Cause No.
875598

 



 

M E M O R A N D U M   O P I N I O N

Appellant Brian Simon appeals from a judgment in favor of
appellees D. Miller & Associates, Timothy John Clyne, Jamilah O. Driver,
and Ryan Bradley Bormaster following a bench trial on Simon=s legal
malpractice claim.  Simon contends that (1) the evidence is legally and
factually insufficient to support the trial court=s finding that his
legal malpractice claim fails as a matter of law; (2) the trial court erred in
denying his motion for no-answer default judgment against Clyne; and (3) the
trial court erred in excluding his expert witness from the courtroom upon
appellees= invocation of Athe Rule.@  We affirm.








Background

On May
28, 2004, Simon filed suit pro se in Harris County small claims court
against Flagship Properties Corporation and Town Park Apartments, Ltd.
(collectively, AFlagship@) seeking damages of $35.  Simon contended that his
application to rent an apartment improperly was rejected for lack of a current
W-2 form after he was told by a leasing agent that the lack of a W-2 would not
cause a problem.  Simon alleged violations of the Texas Deceptive Trade
Practices Act (ADTPA@).  

The
small claims court judge told Simon on November 30, 2004 that his suit named
the wrong defendants.  The judge gave Simon 30 days to amend his petition to
name the correct defendants.

Simon
later hired Clyne and Driver, then associates with D. Miller & Associates,
to represent him in his suit against Flagship.  Driver was a newly licensed
attorney and Clyne was her supervising attorney.  Clyne filed an amended
petition on January 4, 2005.  This amended petition alleged common law fraud
and DTPA violations, and sought $3,434 in damages.  Clyne did not cure the
error in the defendants= names; as a result, Simon continued to sue the wrong
defendants.

Clyne
subsequently separated from D. Miller & Associates.  Simon=s case was assigned to Bormaster, who
continued representing Simon on behalf of D. Miller & Associates. 
Bormaster determined that Simon=s suit named the wrong defendants.  Bormaster also discovered
that the wrongly-named defendants had countersued Simon for attorneys= fees.  Bormaster wrote to Simon
while representing him and told him the wrong date for his trial.








Bormaster
negotiated a settlement agreement with Flagship whereby Simon would agree to
nonsuit Flagship, tender $100 in attorneys= fees, and never apply to live in an
apartment property managed by Flagship.  Bormaster wrote in a letter to Simon
dated August 8, 2005 that (1) Simon agreed to accept this offer; (2) a Rule 11
agreement was signed by Bormaster and Flagship=s counsel; and (3) Simon then changed
his mind and rejected the offer.  Bormaster also wrote that appellees intended
to file a motion to withdraw as Simon=s counsel because his suit was
frivolous and he had become adversarial toward appellees.  Bormaster added that
appellees would notify Simon of the date and time of the hearing on their
motion to withdraw.

Appellees
filed their motion to withdraw in the small claims court on October 4, 2005. 
Simon=s trial was set for October 11,
2005.  Appellees listed an incorrect date for the hearing on their motion to
withdraw in the notice sent to Simon.  The small claims court granted appellees= motion to withdraw on October 5,
2005.

Flagship
did not receive notice of appellees= motion to withdraw until October 10,
2005 _ the eve of trial.  Flagship filed a
motion for reconsideration of appellees= motion and to vacate the order
granting appellees= motion to withdraw.  

The
small claims court held a hearing on this motion for reconsideration
immediately before trial on October 11, 2005.  Despite being given an incorrect
date for his trial, Simon was present in the courtroom on October 11, 2005 for
the hearing on Flagship=s motion for reconsideration and for trial.  Simon did not
join in Flagship=s motion.  

Immediately
before trial, the small claims court reaffirmed its decision allowing appellees
to withdraw as Simon=s counsel.  At trial, the small claims court ruled against
Simon and in favor of Flagship on its counterclaim.  Simon was ordered to pay
Flagship=s attorneys= fees, court costs, and post-judgment
interest.

On
October 11, 2006, Simon filed a pro se suit against appellees in Harris
County Civil Court at Law No. 3.  Simon=s cause of action is unclear from the
face of his original petition, but at trial he identified it as a legal
malpractice action.  Clyne, although properly served, failed to answer Simon=s petition or appear at trial.  The
malpractice case was tried to the bench on September 11 and 12, 2007.  








In a
judgment signed on October 1, 2007, the trial court ruled against Simon on his
legal malpractice claim.  The court also construed Simon=s petition to allege a breach of
contract action against appellees and awarded him $600 on this claim _ the same amount he had paid in
hourly fees to appellees for the unsuccessful prosecution of the original suit
in small claims court.  Simon appeals from this judgment.  Appellees did not
file a notice of appeal.

Analysis

Simon
contends the evidence is legally and factually insufficient to support the
trial court=s finding that his legal malpractice claim fails as a matter of law. 
Simon further contends he was entitled to a no-answer default judgment against
Clyne.  Simon also asserts that the trial court erred by excluding his expert
witness under Athe Rule@ while appellees= expert witness remained in the courtroom and heard testimony
during part of Simon=s case-in-chief.  We address each issue in turn.[1]

I.          Legal and
Factual Sufficiency of Evidence

Simon
challenges the trial court=s finding that his legal malpractice claim fails as a matter
of law.  Construing his brief generously, Simon contends that appellees
committed legal malpractice by (1) suing the incorrect defendants on his
underlying claims; and (2) withdrawing as his counsel immediately before trial
without affording him proper notice.  Simon challenges the legal and factual
sufficiency of the evidence to support the judgment.[2]








Simon
did not request findings of fact or conclusions of law from the trial court
pursuant to Texas Rule of Civil Procedure 296, and the trial court filed none. 
When the trial court makes no findings of fact or conclusions of law in a bench
trial and none have been requested, we assume that the trial court made all
necessary findings in support of its judgment.  Treadway v. Shanks, 110
S.W.3d 1, 5 (Tex. App.BDallas 2000), aff=d, 110 S.W.3d 444 (Tex. 2003).  We must affirm the
trial court=s judgment on any legal theory that finds support in the evidence.  Id. 
A litigant=s failure to request findings of fact or conclusions of law does not
waive his right to challenge the legal and factual sufficiency of the evidence
on appeal.  See Pruet v. Coastal States Trading, Inc., 715 S.W.2d 702,
704 (Tex. App.BHouston [1st Dist.] 1986, no pet.); Tex. R. App. P. 33.1(d).

To
prevail on a legal malpractice claim, a plaintiff must establish that (1) the
attorney owed a duty to the plaintiff; (2) the attorney breached that duty; (3)
the breach proximately caused the plaintiff=s injuries; and (4) damages
occurred.  Alexander v. Turtur & Assocs., Inc., 146 S.W.3d 113, 117
(Tex. 2004).  If a legal malpractice claim arises from prior litigation, the
plaintiff must prove that he would have prevailed in the underlying case but
for the attorney=s breach of duty.  Grider v. Mike O=Brien, P.C., 260 S.W.3d 49, 55 (Tex. App.BHouston [1st Dist.] 2008, pet.
denied).  This causation aspect of the plaintiff=s burden is often called the Asuit-within-a-suit@ requirement.[3] 
Id.  








A.        Failure
to Establish Successful Nature of Underlying Lawsuit

Both
sides agree that appellees owed a duty of care to Simon and breached that duty
by suing the wrong defendants; the parties focus their appellate arguments on
Simon=s underlying claim on causation. 
Therefore, we examine the record to determine whether the evidence is legally
and factually sufficient to support the trial court=s implied finding that Simon failed
to establish he would have won his underlying lawsuit.

Findings
of fact in a bench trial are reviewed for legal sufficiency of the evidence
according to the same standards applied after a jury trial.  Anderson v.
City of Seven Points, 806 S.W.2d 791, 794 (Tex. 1991).  Causation usually
is a question of fact in legal malpractice cases.  See Grider, 260
S.W.3d at 55.  

When
analyzing legal sufficiency of the evidence, we must consider the evidence in
the light most favorable to the finding at issue and indulge every reasonable
inference that would support it.  See City of Keller v. Wilson, 168
S.W.3d 802, 822 (Tex. 2005).  If the evidence at trial would enable reasonable
and fair-minded people to differ in their conclusions, then the finder of fact
must be allowed to do so.  See id.  The ultimate test for legal
sufficiency always must focus on whether the evidence would enable reasonable
and fair-minded people to reach the finding under review.  See id. at
827.  We must credit favorable evidence if a reasonable fact finder could do
so, and disregard contrary evidence unless a reasonable fact finder could not
do so.  See id.  We cannot substitute our judgment for that of the fact
finder if the evidence falls within this zone of reasonable disagreement.  See
id. at 822.








With
regard to the trial court=s implied finding that Simon did not establish that he would
have won his underlying suit, appellees= expert testified that Simon would
not have won the case based upon his review of documents filed in the
underlying suit.  Also, the trial court admitted into evidence a letter from
Bormaster notifying Simon that appellees did not believe his underlying case
had merit.  Viewing this evidence in a light most favorable to the trial court=s judgment, it is legally sufficient
to support the implied finding that Simon failed to establish he would have
succeeded on his underlying case but for appellees= breach of duty.  See id.

Findings
of fact in a bench trial are reviewed for factual sufficiency of the evidence
by the same standards applied after a jury trial.  Anderson, 806 S.W.2d
at 794.  When conducting a factual sufficiency review, we must consider all of
the evidence, including any evidence contrary to the judgment.  Ahmed v.
Ahmed, 261 S.W.3d 190, 194 (Tex. App.BHouston [14th Dist.] 2008, no pet.). 


When a
party challenges the factual sufficiency of the evidence supporting an adverse
finding on which the party bore the burden of proof, the party must demonstrate
the adverse finding is against the great weight and preponderance of the
evidence.  Dow Chem. Co. v. Francis, 46 S.W.3d 237, 242 (Tex. 2001) (per
curiam).  Only if we determine, after considering all of the evidence, the
finding is so contrary to the overwhelming weight of the evidence as to be
clearly wrong and unjust will we set aside the finding.  Id.

The fact
finder is the sole judge of the witnesses= credibility _ including expert witnesses _ and the weight to be given their
testimony.  Golden Eagle Archery, Inc. v. Jackson, 116 S.W.3d 757, 761
(Tex. 2003).  We cannot substitute our opinion for that of the fact finder or
determine that we would have weighted the evidence differently or reached a
different conclusion.  Hollander v. Capon, 853 S.W.2d 723, 726 (Tex.
App.BHouston [1st Dist.] 1993, writ
denied).








To
prevail on his underlying DTPA claim, Simon had to establish that a statutory
violation was a producing cause of his injury.  See Alexander, 146
S.W.3d at 117; Tex. Bus. & Comm. Code Ann. _ 17.50(a) (Vernon Supp. 2008).  To
prevail on his underlying common law fraud claim, Simon had to establish that
the intended defendants made a material misrepresentation with knowledge of its
falsity or recklessly as a positive assertion without any knowledge of the
truth.  See Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.,
962 S.W.2d 507, 524 (Tex. 1998).

Simon
highlights the following evidence in support of his factual sufficiency challenge:
(1) his expert=s testimony that he believed Simon would have won the underlying suit had
appellees not breached their duty to Simon; (2) Simon=s testimony that he informed the
intended defendants= leasing agent that he lacked a current W-2 form, and was
told by the agent that he would not be rejected for lacking a current W-2; (3)
Simon=s testimony that his application was
rejected by the intended defendants because he had no current W-2; and (4)
prospect qualifying criteria forms for the intended defendants= properties indicating that A[t]wo [p]aycheck stubs or W-2=s are acceptable verifications of
both income and employment.@

However,
the record also contains factually sufficient evidence supporting the trial
court=s implied finding that Simon failed
to establish he would have succeeded on his underlying case but for appellees= breach of duty.  Appellees= expert testified that Simon would
not have won the underlying case based upon his review of documents filed in
the underlying suit.  The trial court admitted into evidence a letter from
Bormaster notifying Simon that appellees did not believe his underlying case
had merit.  The trial court also admitted into evidence Simon=s completed rental application signed
by the intended defendants= leasing agent, which makes no mention of requiring a W-2
form and shows that Simon left empty the blank into which he was to enter his
monthly income.  This rental application, signed by Simon, explicitly states
that the application fee for which he sued in the underlying case is
nonrefundable.

The
trial court acted within its exclusive province in choosing to credit appellees= expert over Simon and his expert.  See
Jackson, 116 S.W.3d at 761; Hollander, 853 S.W.2d at 726. 
Considering all of the evidence, we cannot say on this record that the trial
court=s implied finding is so contrary to
the overwhelming weight of the evidence as to be clearly wrong and manifestly
unjust.  See Francis, 46 S.W.3d at 242.








B.        Failure
to Establish Harm From Improper Notice of Withdrawal

Simon
also contends that he established malpractice liability based on appellees= improper notice of withdrawal from
representing him.  Appellees were required to give Simon written notice of his
right to object to their motion to withdraw as counsel and to inform Simon of
the correct date of the hearing on their motion.  Tex. R. Civ. P. 10.

Appellees
do not dispute that they owed Simon a duty to give him proper notice of the
hearing on their motion to withdraw.  Appellees also admit having breached this
duty by giving Simon the wrong date for the withdrawal hearing.  Therefore, we
examine the record to determine whether the evidence is legally and factually
sufficient to support the trial court=s implied finding that appellees= breach did not harm Simon.

The
injury Simon articulated at trial and in his brief is that appellees= improper notice of their motion to
withdraw deprived him of the chance to be heard and to object to such
withdrawal, essentially Ashut[ting him] out of the process.@  The failure to provide a party with
required notice is remedied and does not result in harm when that party has an
opportunity to argue and be heard.  See Eastland v. Eastland, No.
14-07-00581-CV, 2008 WL 5132043, at *10 (Tex. App.BHouston [14th Dist.] Dec. 9, 2008, no
pet.); Polk v. Sw. Crossing Homeowners Ass=n, 165 S.W.3d 89, 95 (Tex. App.BHouston [14th Dist.] 2005, pet.
denied); see also Cunningham v. Parkdale Bank, 660 S.W.2d 810, 813 (Tex.
1983).








With
regard to the trial court=s implied finding that lack of notice did not harm Simon, we
note that Flagship was granted a hearing on its motion for reconsideration of
appellees= motion to withdraw immediately preceding Simon=s October 11, 2005 trial.  The trial
judge asked Simon if he was in court on October 11 for the proceedings and he
answered affirmatively.  Simon did not join in Flagship=s motion.  Simon does not dispute
that he had an opportunity to be heard at the October 11, 2005 hearing. 
Viewing this evidence in a light most favorable to the trial court=s judgment, it is legally sufficient
to support the implied finding that Simon failed to establish harm from the
lack of notice.  See City of Keller, 168 S.W.3d at 822.

Simon
highlights the following evidence in support of his factual sufficiency
challenge: (1) his expert=s testimony that appellees failed to give him proper notice
of their motion to withdraw under Rule 10; (2) his and his expert=s testimony that appellees told him
the wrong date for the hearing on their motion to withdraw; (3) documentary
evidence establishing that appellees told him the wrong date for the hearing;
(4) the small claims court=s order granting appellees= motion to withdraw on October 5,
2005; (5) a letter from Flagship stating that it did not receive notice of
appellees= motion to withdraw until October 10, 2005; and (6) Bormaster=s testimony that he inadvertently
told Simon the wrong date for the hearing on appellees= motion to withdraw.

However,
the evidence highlighted by Simon does not establish that he was deprived of a
chance to be heard by appellees= failure to provide proper notice.  Furthermore, the record
also contains sufficient evidence supporting the trial court=s implied finding that Simon failed
to establish harm.  Flagship was granted a hearing on its motion for
reconsideration of appellees= motion to withdraw immediately preceding Simon=s October 11, 2005 trial.  The trial
judge asked Simon if he was in court on October 11 for the proceedings and he
answered affirmatively.  Simon does not dispute that he had an opportunity to
be heard at the October 11, 2005 hearing on withdrawal.








Simon
failed to establish that he was deprived of a chance to be heard by appellees= failure to give him proper notice
under Rule 10 because his highlighted evidence speaks only to appellees= failure to provide proper notice.  See
Eastland, 2008 WL 5132043, at *10; Polk, 165 S.W.3d at 95; Cunningham,
660 S.W.2d at 813.  Even if his evidence is construed to address the element of
harm, the trial court acted within its exclusive province in choosing to credit
appellees= evidence over that of Simon.  See Jackson, 116 S.W.3d at 761; Hollander,
853 S.W.2d at 726.  Considering all of the evidence, we cannot say on this
record that the trial court=s implied finding is so contrary to the overwhelming weight
of the evidence as to be clearly wrong and manifestly unjust.  See Francis,
46 S.W.3d at 242.

We
overrule Simon=s issue regarding legal and factual sufficiency of the evidence to
support the trial court=s finding that his legal malpractice claim fails as a matter
of law.

II.        Denial of
No-Answer Default Judgment Against Clyne

Simon
challenges the trial court=s denial of his motion for no-answer default judgment against
Clyne.  Simon asserts that he was entitled to a no-answer default judgment
based upon Clyne=s failure to answer Simon=s petition or to appear at trial.

While the denial of default judgment ordinarily is an
unappealable interlocutory order, such a denial may be considered when the
denial is challenged in an appeal from a final judgment or order.[4]
 Aguilar v. Livingston, 154 S.W.3d 832, 833 (Tex. App.BHouston [14th
Dist.] 2005, no pet.).  The denial of a default judgment is reviewed under an
abuse of discretion standard.  Id.  A trial court abuses its discretion when it rules without
regard for any guiding rules or principles.  Owens-Corning Fiberglas Corp.
v. Malone, 972 S.W.2d 35, 43 (Tex. 1998).    

At any
time after a defendant is required to answer, a plaintiff may take judgment by
default against such defendant if he has not previously filed an answer and the
citation with the service officer=s return thereon has been on file for
10 days, excluding the day of filing and the day of judgment.  Tex. R. Civ. P.
107, 239.








In a no-answer
default context, even though all facts properly pleaded are deemed admitted, a
plaintiff still must produce evidence of damages before a trial court may order
a default judgment.  Whitaker v. Rose, 218 S.W.3d 216, 220 (Tex. App.BHouston [14th Dist.] 2007, no pet.). 
Even if a defendant=s liability has been established by default, proof of
causation is necessary to ascertain the amount of damages to which the
plaintiff is entitled.  Id. at 221 n.1.

It is
undisputed that Simon properly served Clyne with notice of the legal
malpractice suit against him.  It is also undisputed that Clyne failed to
timely answer Simon=s petition and did not appear at the trial on Simon=s legal malpractice claim.  Thus,
Clyne was deemed to have admitted all properly pleaded facts in Simon=s petition.  See id. at 220. 
However, Simon still had to establish causation before the trial court could
award him a default judgment.  See id. at 221 n.1.  As noted earlier,
the trial court implicitly found that Simon failed to establish that appellees
proximately caused him damages when they breached the duty of care owed him by
suing the wrong defendants.  This implied finding is supported by legally and
factually sufficient evidence.  Simon was not entitled to a default judgment,
and the trial court did not abuse its discretion in failing to grant a default
judgment.  See id.; Aguilar, 154 S.W.3d at 833; Malone,
972 S.W.2d at 43. 

We
overrule Simon=s issue regarding denial of his motion for no-answer default judgment
against Clyne.

III.       Exclusion of Simon=s Expert Witness from Courtroom Under
AThe Rule@ While Appellees= Expert Witness Violated AThe Rule@

Simon
challenges the trial court=s exclusion of his expert witness from the courtroom during
the testimony of other witnesses once appellees invoked Athe Rule.@  Simon also contends that appellees= expert=s testimony should have been struck
because appellees= expert was present in the courtroom during some of Simon=s case-in-chief.

At the
request of either party in a civil case, the witnesses on both sides shall be
sworn and removed from the courtroom so they may not hear the testimony of
other witnesses; this is known as placing witnesses under Athe Rule.@  Tex. R. Civ. P. 267(a).  The burden
of proving an expert witness to be exempt from Athe Rule@ rests with the party seeking to
exempt that witness.  Drilex Sys., Inc. v. Flores, 1 S.W.3d 112, 117
(Tex. 1999).








As a
prerequisite to presenting a complaint for appellate review, the record must
show that the complaint was made to the trial court by a timely objection and
that the trial court either ruled on or refused to rule on that objection. Tex.
R. App. P. 33.1(a).  The record in this case indicates Simon did not object
when appellees invoked Athe Rule,@ nor did he do so when the trial court instructed all
witnesses to exit the courtroom after Athe Rule@ was invoked.  Two pages later in the
transcript, Simon began asking the trial court if his expert witness could sit
in on other testimony during his case-in-chief but was cut off mid-sentence by
the trial judge.  Simon made no objection at this time.  Because Simon failed
to timely object to the exclusion of his expert witness once Athe Rule@ was invoked, he leaves us with
nothing to review on this issue.  See Tex. R. App. P. 33.1(a).

The
record, generously construed, indicates Simon did timely object to appellees= tendering of their expert witness
who had been present in the courtroom during some of Simon=s case-in-chief.  Because the trial
court implicitly overruled this objection by allowing appellees= witness to testify, Simon preserved
this issue for our review.  See Tex. R. App. P. 33.1(a).

A
violation of Athe Rule@ occurs when a nonexempt witness remains in the courtroom during the testimony
of another witness.  Drilex Sys., 1 S.W.3d at 117.  When Athe Rule@ is violated, the trial court may
allow the testimony of the violating witness after considering all of the
circumstances.  Id.  We review the trial court=s action for abuse of discretion.  Id.
at 117-18.  Where a witness who violates Athe Rule@ is not tendered as a fact witness
and his testimony is cumulative of other evidence properly admitted, a trial
court does not abuse its discretion in allowing the offending witness to
testify.  See Garza v. Cole, 753 S.W.2d 245, 247 (Tex. App.BHouston [14th Dist.] 1988, writ ref=d n.r.e.).

Appellees
do not dispute that their expert witness was present in the courtroom during
part of Simon=s case-in-chief.  Nor did appellees argue at trial that their expert
witness should have been exempted from Athe Rule.@  Thus, appellees= witness violated Athe Rule.@  Drilex Sys., 1 S.W.3d at
117.








Appellees= witness was tendered as an expert
witness and did not testify to the facts of Simon=s legal malpractice claim; he simply
offered his opinion that Simon=s underlying case was unlikely to succeed regardless of
appellees= breach.  Furthermore, Simon himself offered into evidence a letter from
Bormaster notifying Simon that appellees did not believe his underlying case
had merit; thus, the offending witness=s testimony was cumulative opinion
testimony.  Under the circumstances of this case, we cannot say that the trial
court abused its discretion in allowing appellees= expert witness to testify despite
his violation of Athe Rule.@  See id. at 117-18; Garza, 753 S.W.2d at 247.

We
overrule Simon=s issue regarding the exclusion of his expert witness under Athe Rule@ while allowing appellees= expert witness to testify despite
violating Athe Rule.@

Conclusion

The trial court=s judgment is
affirmed.

 

/s/        William
J. Boyce

Justice

 

Panel consists of
Justices Frost, Brown, and Boyce.









[1]           Appellees argue on appeal that the trial
court erred by fracturing Simon=s legal
malpractice claim into a separate breach of contract claim, and by awarding him
$600 as contract damages.  See generally Duerr v. Brown, 262 S.W.3d 63,
70 (Tex. App.BHouston [14th Dist.] 2008, no pet.) (AIf the gist of a client=s complaint is that the attorney did not exercise that degree of care,
skill, or diligence as attorneys of ordinary skill and knowledge commonly
possess, then that complaint should be pursued as a negligence claim, rather
than some other claim@); Trousdale v. Henry, 261 S.W.3d 221, 227-28
(Tex. App.BHouston [14th Dist.] 2008, pet. filed) (same).  We do
not address this contention because appellees have not perfected their own
appeal.  Appellees cannot seek to alter the final judgment=s award of $600 in contract damages to Simon because
they did not file their own notice of appeal.  See Tex. R. App. P.
25.1(c).





[2]           Appellees assert on appeal that Simon=s claim fails as a matter of law because the trial
court struck his expert=s testimony due to inadequate disclosure responses
during discovery.  Such an action would prevent Simon from establishing
causation in this legal malpractice action as a matter of law.  See
Alexander v. Turtur & Assocs., Inc., 146 S.W.3d 113, 119-20 (Tex. 2004)
(expert testimony generally required to establish causation in legal
malpractice action).  The record does not support appellees= assertion.  While the trial court considered striking
Simon=s expert, the record does not establish that the trial
court actually did so.





[3]           Simon invites us to discard the Asuit-within-a-suit@
requirement based upon its critical treatment in other jurisdictions and in
some treatises.  See e.,g., Garcia v. Kozlov, Seaton, Romanini &
Brooks, P.C., 845 A.2d 602, 604 (N.J. 2004); Robert P. Schuwerk &
Lillian B. Hardwick, Handbook of Texas Lawyer and Judicial Ethics 166-69
(2007-2008 ed.).  We decline Simon=s
invitation because the Texas Supreme Court has adopted the Asuit-within-a-suit@ requirement
and we are bound to follow that holding.  See Alexander, 146 S.W.3d at
117.





[4]           The trial court=s judgment in this case is final for purposes of
appeal because it disposes of all pending parties and claims in the record.  See
Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001).