**Opinion issued May 1, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-08-00179-CV

————————————

**ANGELA MAE BRANNAN, INDIVIDUALLY AND AS INDEPENDENT EXECUTRIX OF THE ESTATE OF BOB ALBERT BRANNAN, DECEASED, BROOKS PORTER, MARY PORTER, RUSSELL CLINTON, INDIVIDUALLY AND AS INDEPENDENT EXECUTOR OF THE ESTATE OF ELIZABETH CLINTON, DECEASED, JUDY CLINTON, REG APLIN AND BEAVER APLIN, PARTNERS D/B/A BENCHMARK DEVEOPING, LOUISE BULLARD, DUANE LOGGINS CLARK, JOSEPH CORNELL DEWITT, LISA MARIE DEWITT FUKA, MACARIO RAMIREZ, CHRISSIE DICKERSON, JEFFREY DYMENT, MARVIN JACOBSON FAMILY HOLDING COMPANY, CATHY T. CHARLES, JAMES MEEK, PATRICIA MEEK, MARK PALMER, JAMES C. PURSLEY, PATRICIA PURSLEY, KENNETH C. REUTZEL, ANDREA REUTZEL, S&S HOLDINGS, LLC, ROGERS THOMPSON, EXECUTOR OF THE ESTATE OF P.E. KINTZ, DECEASED, Appellants**

V.

**THE STATE OF TEXAS, THE VILLAGE OF SURFSIDE BEACH, MAYOR LARRY DAVISON, AND SURFRIDER FOUNDATION, Appellees**

## MEMORANDUM OPINION

This is a beach-access dispute involving application of the Texas Open Beaches Act (OBA) to the appellants' beach houses on Pedestrian Beach in Surfside after storms moved the vegetation line landward of the houses. TEX. NAT. RES. CODE ANN. §§ 61.001 – .254 (Vernon 2011 & Supp. 2013). After the Supreme Court of Texas decided *Severance v. Patterson*, 370 S.W.3d 705 (Tex. 2012), the court vacated this court's prior judgment and remanded the case for reconsideration.

In a new round of briefing, the appellants now argue that they are entitled to judgment that the State committed an unconstitutional taking of their property without just compensation, an award of damages, and an injunction against enforcement of a public easement. In response, the State concedes that the previously entered summary judgment must be reversed in light of *Severence*, but argues that additional arguments are still available to it in light of the unavailability of its previously asserted rolling-easement theory of the case. The State therefore contends that a remand to the trial court is necessary for further proceedings. Appellees the Village of Surfside Beach and Mayor Larry Davison ask us to render

judgment in their favor or, alternatively, remand to the trial court for further development of the record. Intervenor Surfrider Foundation did not previously participate in this appeal, but now has filed a brief arguing that we should interpret *Severance* narrowly, and that "factual determinations are needed before any judgment may be made on" the property owners' takings claim.

Following a holding that there is error in the trial court's judgment, remand to the trial court in the interest of justice is appropriate in several situations, including when (1) "we overrule existing precedents on which the losing party relied at trial," (2) "it appears from the record that the losing party might be able to recover under some other established legal theory that was not developed at the first trial," and (3) on appeal, "we announce a new standard of recovery in the case under consideration." *Westgate, Ltd. v. State*, 843 S.W.2d 448, 455 (Tex. 1992). "As long as there is a probability that a case has, for any reason, not been fully developed, an appellate court has discretion to remand for a new trial. . . ." *Ahmed v. Ahmed*, 261 S.W.3d 190, 196 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (citing *Scott Bader, Inc. v. Sandstone Prods., Inc.*, 248 S.W.3d 802, 822 (Tex. App.—Houston [1st Dist.] 2008, no pet.)). "Moreover, remand is appropriate if a case needs further development because it was tried on an incorrect legal theory or to establish and present evidence regarding an alternate legal theory." *Id.*

The parties focused their summary-judgment briefing and arguments in the trial court on the state of the law before *Severance* clarified the law as it relates to public-beach access and expressly rejected the rolling-easement theory when the vegetation line is altered by an avulsive event. We conclude that the factual record and legal arguments are not sufficiently developed to facilitate a complete review of the parties' competing claims under the appropriate *Severance* analysis.

Accordingly, we reverse the trial court's grant of summary judgment in favor of the State on the rolling-easement theory, and remand to the trial court for reconsideration of the parties' claims guided by the principles announced in *Severance*.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Massengale and Huddle.

4