

# Fourth Court of Appeals
## San Antonio, Texas

### OPINION

No. 04-11-00924-CV

**IN RE ESTATE OF** William H. **MCNUTT**, Deceased

From the County Court, Kimble County, Texas
Trial Court No. 2,284
Honorable Joe Loving, Jr., Judge Presiding

Opinion by: Catherine Stone, Chief Justice
Dissenting opinion by: Sandee Bryan Marion, Justice

Sitting: Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Rebeca C. Martinez, Justice

Delivered and Filed: May 22, 2013

REVERSED AND REMANDED

As the trial court acknowledged at a hearing in which it announced its findings after a two-day bench trial, "[w]e originated th[is] case with the understanding that I would be deciding [whether] there was an oral gift of 2000 acres and the improvements thereon or there was not an oral gift of that property to Sherry D. McNutt by her father William H. McNutt." Despite acknowledging the legal theory under consideration, the trial court entered a judgment based on its findings that the elements of an oral gift of land had been proven by appellant, Sherry D. McNutt, as to "a permanent residence structure existing on (5) five acres of land, with water.

The five (5) acre tract includes access to the Highway I-10 service road."[1] On appeal, Sherry argues she proved the elements of an oral gift of land to the 2,000-acre "north side" of the almost 3,700-acre McNutt Ranch. Appellees are the Estate of William H. McNutt, Deceased; McNutt Ranch, Ltd.; and McNutt Management, LLC, the General Partner of McNutt Ranch, Ltd. (collectively, "appellees"). In their cross-appeal, appellees assert the evidence is legally insufficient to support the trial court's finding of an oral gift of the house and an undefined five-acre parcel. Because the trial court's judgment is based on a legal theory that was not fully developed at trial, we reverse the trial court's judgment and remand the cause in the interests of justice.

To establish an oral gift of an interest in real property, a party must show: (1) a gift in praesenti or a gift at the present time; (2) possession under the gift by the donee with the donor's consent; and (3) permanent and valuable improvements made on the property by the donee with the donor's knowledge or consent or, without improvements, the existence of such facts as would make it a fraud upon the donee not to enforce the gift. *Thompson v. Dart*, 746 S.W.2d 821, 825 (Tex. App.—San Antonio 1988, no writ). As the trial court recognized, the legal theory on which the case was tried was an oral gift of the 2,000-acre north side of the ranch. With regard to this legal theory, we believe the trial court found no oral gift on the basis that the evidence was insufficient to establish Sherry's possession as to the 2,000 acres. In reviewing this finding, "we consider only the circumstances relative to [her] possession which evidence a surrender of ownership and control by [William]." *Sharp v. Stacy*, 535 S.W.3d 345, 350 (Tex. 1976). At

---

[1] Although the trial court's judgment refers to a five-acre tract, the trial court actually describes the gift as "the house and the necessary plot of land on which that house sits," noting "it must be commonly understood and the Court can understand some common issues that a person must have a significant enough plot of land surrounding the house to enjoy the full aspect of the house. What would be a significant amount of land in the rural setting or an urban set[ting] are entirely perhaps different." In a second hearing, the trial court described the gift of the house as including "an appropriate amount of acreage for the full use and enjoyment of the house," which "includes access to water, sufficient evidence relative to the well, but only the fact that there is access to the water and that it includes access to highway ten, I-10 service road."

trial, the evidence established that William continued to run cattle on the north side of the ranch, funded significant improvements to the north side of the ranch, paid taxes and other expenses relating to the north side of the ranch, and was involved with and received the income from the hunting leases for the north side of the ranch for a significant period of time after Sherry moved into the house on the north side of the ranch. Accordingly, we agree with the trial court's finding that Sherry failed to meet her burden of proving an oral gift as to the 2,000 acres.

The difficulty with this case, however, is the trial court's second finding that the evidence established an oral gift as to the house and five acres of land. As the trial court expressly recognized, this legal theory was not fully developed at trial.

Appellate courts have broad discretion to remand for a new trial in the interests of justice. *Fanning v. Fanning*, 847 S.W.2d 225, 226 (Tex. 1993); *Scott Bader, Inc. v. Sandstone Products, Inc.*, 248 S.W.3d 802, 822 (Tex. App.—Houston [1st Dist.] 2008, no pet.). "As long as there is a probability that a case has, for any reason, not been fully developed, an appellate court has discretion to remand for a new trial rather than render a decision." *Ahmed v. Ahmed*, 261 S.W.3d 190, 196 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *see also Scott Bader, Inc.*, 248 S.W.3d at 822; *In re S.E.W.*, 168 S.W.3d 875, 886 (Tex. App.—Dallas 2005, no pet.). "Moreover, remand is appropriate if a case needs further development … to establish and present evidence regarding an alternative legal theory." *Ahmed*, 261 S.W.3d at 196. In this case, the trial court evaluated the oral gift as one of a house and an appropriate amount of acreage for the full use and enjoyment of the house, but "the parties neither argued nor developed evidence regarding [this theory]." *Id*. Thus, we believe remanding this case for a new trial on the theory of an oral gift of the house and an appropriate amount of acreage for the full use and enjoyment of the house is in the interests of justice. *Ahmed*, 261 S.W.3d at 196; *Westgate, Ltd. v. State*, 843 S.W.2d 454, 455 (Tex. 1992) (noting remand in the interests of justice is appropriate "where it

appears from the record that the losing party might be able to recover under some other established legal theory that was not developed at the first trial").

For the reasons stated above and in the interests of justice, we reverse the trial court's judgment and remand the cause to the trial court for a new trial on the legal theory of an oral gift of a house and the necessary plot of land surrounding the house for the full use and enjoyment of the house.[2]

Catherine Stone, Chief Justice

---

[2] As previously noted, the elements required to establish an oral gift of an interest in real property are: (1) a gift in praesenti or a gift at the present time; (2) possession under the gift by the donee with the donor's consent; and (3) permanent and valuable improvements made on the property by the donee with the donor's knowledge or consent or, without improvements, the existence of such facts as would make it a fraud upon the donee not to enforce the gift. *Thompson v. Dart*, 746 S.W.2d at 825. The dissenting opinion appears to recognize that the evidence is sufficient to support the trial court's finding as to the second and third elements of Sherry's claim, noting that "Sherry lived in and made improvements to the house on the 'north side.'" The dissenting opinion concludes, however, that the evidence is legally insufficient to support the trial court's finding of an oral gift based on the dissenting justice's interpretation of a letter Bill's attorney wrote to Sherry twenty-two years after she moved back to the ranch. The dissenting opinion argues that the letter's reference to Bill's intent to evict Sherry if she did not follow his rules was contrary to any conclusion that he relinquished dominion and control over the house. Interpreting Bill's intent from this letter and the other evidence presented, however, was the role of the factfinder, and, in this case, the factfinder interpreted the letter in a different manner. The factfinder's interpretation is supported by the letter referring to the house as "your home" and all of the other testimony in the record establishing that Bill repeatedly acknowledged that the house belonged to Sherry. Although Bill may have wanted to reclaim the house twenty-two years after he had given the house to Sherry, his desire does not prevent a factfinder from finding that the elements of an oral gift were established by the evidence, thereby legally precluding Bill from taking back what he gave away.