

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00864-CV

Armando **BENAVIDES**,
Appellant

v.

Anselmo **BENAVIDES**, Antonio Benavides, and A.T. Trucking, LLP,
Appellees

From the 79th Judicial District Court, Jim Wells County, Texas
Trial Court No. 06-03-44411
Honorable Richard C. Terrell, Judge Presiding

Opinion by:      Catherine Stone, Chief Justice

Sitting:      Catherine Stone, Chief Justice
             Marialyn Barnard, Justice
             Patricia O. Alvarez, Justice

Delivered and Filed:  January 22, 2014

REVERSED AND REMANDED

　　　This is the second appeal in a case which this court has previously described as having "a tortured and protracted procedural history." *Benavides v. Benavides*, No. 04-11-00252-CV, 2011 WL 5407493 (Tex. App.—San Antonio Nov. 9, 2011, pet. denied) (mem. op.).  The instant appeal arises from a judgment entered by the trial court after this court reversed a prior judgment in the underlying cause and remanded the cause for further proceedings.  *See id*.  From the record, it appears our earlier opinion caused some confusion over the scope of the remand and the issues resolved by our prior opinion, thus adding to the lengthy procedural journey of this dispute between

brothers. The legal principles in this case require us to again reverse the trial court's judgment and remand the cause for further proceedings; however, we clarify the scope of the remand and the issues that have not been resolved.

## PROCEDURAL HISTORY[1]

The underlying cause involves a dispute among three brothers over a business partnership. On May 27, 2009, the three brothers entered into a Settlement Agreement to resolve their dispute. In December of 2009, Armando Benavides amended his petition in the underlying cause, alleging a breach of the Settlement Agreement, requesting a rescission of the agreement, and requesting damages equal to the redemption price he should have received for his partnership interest. In response, the other two brothers, Anselmo and Antonio Benavides, amended their answer and counterclaim, asserting Armando breached the Settlement Agreement and should be estopped from pursuing his claim. Alternatively, Anselmo and Antonio asserted that Armando had been overpaid for his partnership interest, and requested damages in an amount equal to the overpayment.

After a bench trial, the trial court signed a judgment concluding that Anselmo and Antonio did not breach the Settlement Agreement and that Armando had received sufficient payment for the redemption of his partnership interest. One of the issues presented in the appeal of that judgment was whether the trial court erred in determining that Anselmo and Antonio did not breach the Settlement Agreement. *Id*. at *1. After reviewing the evidence, this court held that the evidence conclusively established that Anselmo and Antonio breached the Settlement Agreement by not transferring possession of work trucks within the requisite two-week period. *Id*. Because the trial court's error with regard to its liability finding necessarily impacted the remedy that was ordered, we held that a remand was appropriate in the interest of justice. *Id*. at *2.

---

[1] Portions of this history are taken from our earlier opinion.

In discussing the necessity of the remand, we noted that because the trial court found no breach of contract, the court did not consider whether any alleged breach was material or immaterial. *Id*. We noted that only a material breach would excuse the other party from further performance because the only remedy available for an immaterial breach is damages. *Id*. We then concluded:

> Therefore, all legal and equitable issues relating to damages or other relief that may or may not be appropriate based on the breach by Anselmo and Antonio await further consideration on remand where the circumstances of the case, including the materiality or immateriality of the breach, will need to be considered.

*Id*. We also expressly stated, "On remand, the trial court will need to reconsider the equitable remedy of rescission." *Id*.

After the cause was remanded, Armando filed amended petitions, seeking specific performance, as opposed to rescission, and also requesting a temporary restraining order and injunctive relief. Anselmo and Antonio filed a response to Armando's request for a temporary injunction, objecting to Armando's filing of the amended petitions as beyond the scope of the remand. At a subsequent hearing, the trial court heard argument regarding the scope of the remand and took the matter under advisement. The trial court later signed a judgment finding that the breach by Anselmo and Antonio was not material; however, the judgment rescinded the Settlement Agreement and found that Armando had been fully compensated for his partnership interest.

### LAW OF THE CASE AND SCOPE OF REMAND

When a cause is remanded to a trial court by an appellate court, the application of both the law of the case doctrine and the scope of the remand must be considered by the trial court in determining what additional proceedings are necessary to fully resolve the underlying cause. "The 'law of the case' doctrine is defined as that principle under which questions of law decided on appeal to a court of last resort will govern the case throughout its subsequent stages." *Hudson v.*

*Wakefield*, 711 S.W.2d 628, 630 (Tex. 1986). "By narrowing the issues in successive stages of the litigation, the law of the case doctrine is intended to achieve uniformity of decision as well as judicial economy and efficiency." *Id.* Similarly, when an appellate court "remands a case and limits a subsequent trial to a particular issue, the trial court is restricted to a determination of that particular issue." *Id.* "Thus, in a subsequent appeal, instructions given to a trial court in the former appeal will be adhered to and enforced," regardless of whether those instructions appear in the appellate court's mandate or in its opinion. *Id.*

In the instant case, this court held in our earlier opinion that the evidence conclusively established a breach of contract by Anselmo and Antonio. Contrary to Armando's assertion in his reply brief, however, this court did not address whether Armando's actions resulted in a breach of the Settlement Agreement.[2] Although Anselmo and Antonio alleged a breach by Armando in their amended answer and counterclaim, the trial court did not specifically address that claim in its judgment, and no issue regarding that claim was raised on appeal.

After holding that Anselmo and Antonio breached the Settlement Agreement, this court noted that the relief available for such a breach was contingent on whether the breach was material or immaterial. *Benavides*, 2011 WL 5407493, at *2. We also noted that a non-breaching party is not excused from future performance by an immaterial breach, but may sue for damages. *Id.* Equity generally will not allow rescission of a contract for an immaterial breach. *See Wright v. Wright*, 280 S.W.3d 901, 907 (Tex. App.—Eastland 2009, no pet.); *In re Marriage of Smith*, 115 S.W.3d 126, 134 (Tex. App.—Texarkana 2003, pet. denied). Instead, "[a] partial breach can be sufficient to grant rescission in only two instances: 1) if it affects a material part of the agreement going to the essence of the contract, or 2) it clearly evidences an intention by the party in default

---

[2]In his reply brief, Armando asserts, "This Court's opinion has already established that Armando did not breach the MSA and therefore Armando's conduct is not at issue here."

to rescind or abandon the agreement."[3]  *In re Marriage of Smith*, 115 S.W.3d at 134; *see also McDaniel v. Pettigrew*, 536 S.W.2d 611, 617 (Tex. Civ. App.—Dallas 1976, writ ref'd n.r.e.) (material breach of contract sufficient to authorize rescission).

With regard to the scope of the remand, our prior opinion instructed the trial court to consider "all legal and equitable issues relating to damages or other relief that may or may not be appropriate based on the breach by Anselmo and Antonio." *Benavides*, 2011 WL 5407493, at *2. Moreover, we instructed the court that it would "need to reconsider the equitable remedy of rescission." *Id*. Therefore, the trial court was required to adhere to and enforce these instructions notwithstanding Armando's amended pleadings. *Hudson*, 711 S.W.2d at 630.

### REMAND IN THE INTEREST OF JUSTICE

This court has broad discretion to remand a cause in the interest of justice "[a]s long as there is a probability that a case has, for any reason, not been fully developed." *In re Estate of McNutt*, 405 S.W.3d 194, 197 (Tex. App.—San Antonio 2013, no pet.).  In this case, we hold remand is appropriate because the parties and the trial court appear to have been laboring under a misinterpretation of the law of the case arising from our prior opinion and the scope of the remand. For example, Armando appears to have interpreted our decision as resolving the breach of contract claim alleged against him.  It did not.  As previously noted, although Anselmo and Antonio alleged a breach by Armando in their amended answer and counterclaim, the trial court did not address

---

[3] We note that this second ground to support rescission appears to be based on the legal principle of repudiation. *See Lazy M Ranch, Ltd. v. TXI Operations, LP*, 978 S.W.2d 678, 680-81 (Tex. App.—Austin 1998, pet. denied) (noting non-breaching party may elect to terminate a contract if other party repudiates the contract or commits a material breach).  Although Armando refers to the principle of repudiation in his brief, repudiation is an affirmative defense which must be specifically pled. *Brantley v. Etter*, 662 S.W.2d 752, 757 (Tex. App.—San Antonio 1983), *writ ref'd n.r.e.*, 677 S.W.2d 503 (Tex. 1984).  Moreover, determining whether a party has repudiated a contract is typically a question of fact, and the trial court in the instant case did not make any factual findings with regard to whether any party repudiated the Settlement Agreement. *See Parkway Dental Assocs., P.A. v. Ho & Huang Props., L.P.*, 391 S.W.3d 596, 607 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (holding fact issues regarding whether actions constituted repudiation of contract precluded summary judgment); *Van Polen v. Wisch*, 23 S.W.3d 510, 517 (Tex. App.—Houston [1st Dist.] 2000, pet. denied) (same).

that claim in its judgment. Armando also appears to believe the trial court could be precluded from considering the equitable remedy of rescission based on his amended pleadings. This contention ignores the instructions given to the trial court in our prior opinion to reconsider the equitable remedy of rescission. Finally, the trial court, Anselmo, and Antonio appear to have misunderstood the legal principles stated in our opinion that would preclude a trial court from ordering a rescission for an immaterial breach of contract.[4] As previously noted, an immaterial breach permits a party to sue for damages, not rescission. *See Benavides*, 2011 WL 5407493, at *2; *Wright*, 280 S.W.3d at 907; *In re Marriage of Smith*, 115 S.W.3d at 134. Because a probability exists that the underlying cause was not fully developed due to confusion arising from our prior opinion, we reverse the trial court's judgment and remand the cause in the interest of justice.

## CONCLUSION

The judgment of the trial court is reversed, and, in the interest of justice, the cause is remanded to the trial court for further proceedings. To clarify the scope of the remand, this court has held as a matter of law that Anselmo and Antonio breached the Settlement Agreement, and this holding is law of the case. This court has not, however, addressed the claim that Armando breached the settlement agreement because: (1) it does not appear that the trial court has made a ruling on that claim; and (2) even if a ruling was made, no issue was raised on appeal regarding that claim. The trial court was instructed by this court in our initial remand to reconsider the equitable remedy of rescission. In reconsidering this remedy again on remand, the trial court is instructed that rescission can be awarded only if an alleged breach is found to be material, and the remedy for an immaterial breach is damages.

Catherine Stone, Chief Justice

---

[4] In their response to the request for an injunction, Anselmo and Antonio state that "because the Court of Appeals found that the MSA was breached by the Defendants, the Trial Court can now apply the equitable remedy of rescission."