ACCEPTED
04-15-00110-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
9/14/2015 5:58:17 PM
KEITH HOTTLE
CLERK

# No. 04-15-0110-CV

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS

09/14/2015 5:58:17 PM

KEITH E. HOTTLE
Clerk

In the Court of Appeals
for the Fourth District of Texas
Sitting at San Antonio

## IN RE THE ESTATE OF
## WILLIAM H. MCNUTT, DECEASED

On Appeal from the County Court of Kimble County, Texas
Sitting in Matters Probate; Cause No. 2284
Hon. Joe H. Loving, presiding

## Reply Brief of Appellants
## McNutt Ranch, Ltd., DMK Ranching, L.L.C., and
## McNutt Management, L. L. C.,  Gen. Ptnr. McNutt Ranch, Ltd.

Craig L. White
State Bar No. 21292400
Law Office of Craig L. White
111 W. Olmos Dr.
San Antonio, TX 78212
210.829.7183/F: 210.829.0734
craigwhite@111westolmos.com

Jeff Small
State Bar No. 00793027
Law Office of Jeff Small
12451 Starcrest, Suite 100
San Antonio, TX 78216.2988
210.496.0611/F: 210.579.1399
jdslaw@satx.rr.com

Counsel for Appellants

# TABLE OF CONTENTS

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INDEX OF AUTHORITIES.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

RESPONSE TO STATEMENT OF "FACTS". . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF THE ARGUMENT.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

ARGUMENT AND AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

 I.  Sherry never addresses how or why she is entitled to an award of "½ of North Side" without proving an exception to the statute of frauds.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

 II.  Sherry's attempt to shift the burden of proof to the Ranch Entities to *disprove* her supposed "gift" is misguided.. . . . . . . . . . . . . . 9

 III.  Sherry failed to provide clear and convincing, legally and factually sufficient evidence of any exception to the statute of frauds that would permit the trial court to render judgment in her favor as to the foreman's house, much less any acreage.. . . . . . . . . . . . . . 10

 IV.  Sherry may not retry – by consent, waiver, or otherwise – issues that were decided previously as a matter of law and which the trial had clearly stated were not being retried.. . . . . . . . . . . . . . . . . 12

 V.  Sherry's theory of the case is legally defective and she even failed to prove that theory.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

CERTIFICATE OF COMPLIANCE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

# INDEX OF AUTHORITIES

## Cases

*Bellamy v. State,*
    742 S.W.2d 677 (Tex. Crim. App. 1987).. . . . . . . . . . . . . . . . . . . . . . . . . .  9

*Dawson v. Tumlinson,*
    150 Tex. 451, 242 S.W.2d 191 (Tex. 1951). . . . . . . . . . . . . . . . . . . . . . . 11

*In re Estate of McNutt* (*McNutt I*) ,
    405 S.W.3d 194 (Tex. App. – San Antonio 2013, no pet.). . . 2, 3, 5, 12-
                                                                          14

*In re Estate of McNutt,*
    405 S.W.3d 194 (Tex. App. – San Antonio 2013, no pet.)
    (Marion, J., dissenting). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

*Osterberg v. Peca,*
    12 S.W.3d 31 (Tex. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

*State v. J. M. Huber Corp.,*
    145 Tex. 517, 199 S.W.2d 501 (Tex. 1947). . . . . . . . . . . . . . . . . . . . . . 14

*Technical Chem. Co. v. Jacobs,*
    480 S.W.2d 602 (Tex. 1972). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

*Tomhave v. Oaks Psychiatric Hosp.,*
    82 S.W.3d 381 (Tex. App.—Austin 2002, pet. denied). . . . . . . . . . .  10

## Statutes

TEX. HEALTH & SAFETY CODE § 161.134(f). . . . . . . . . . . . . . . . . . . . . . . . . .  10

## Other Authorities

RESTATEMENT (SECOND) OF TORTS § 402A, cmt. j (1965). . . . . . . . . . . . . . .  10

**RESPONSE TO STATEMENT OF "FACTS"**

Sherry's "Statement of Facts" is not credible. She makes all manner of bold pronouncements without the benefit of citation to the record to demonstrate the veracity of her assertions. *See* BRIEF OF APPELLEE at 2-3. Sherry follows a similar pattern throughout her briefing making a variety of assertions about the sufficiency of the evidence – both legal and factual – without citation to the record. Where she does quote trial testimony at length (BRIEF OF APPELLEE at 7-13) she does not explain how that recitation clearly and convincingly satisfies her burden of proving an oral gift of real estate. Even following her own mistaken theory of the case, she failed to show how the evidence was legally and factually sufficient to prove clearly and convincingly that any specific *amount* of acreage was necessary for the full use and enjoyment of the foreman's house.

The Ranch Entities take further issue with Sherry's assertion of "facts" throughout her brief in that she characterizes them as conclusively proven when, in fact, they are hotly contested. Certain of Sherry's erroneous statements require correction:

1.　　"[T]his Court found that there was sufficient evidence of a gift of the foreman's house and remanded the case to determine the appropriate

amount of acreage for the full use and enjoyment of the house." BRIEF OF APPELLEE at 3. To the contrary, this Court noted that "the parties neither argued nor developed evidence regarding [this theory]." *In re Estate of McNutt*, 405 S.W.3d 194, 197 (Tex. App. – San Antonio 2013, no pet.). The Court remanded for a new trial to give Sherry the opportunity to develop "the theory of an oral gift of the house and an appropriate amount of acreage for the full use and enjoyment of the house," which had not previously been pled. *Id.*

2.    "[T]wo members of this panel (sic) believed there was enough evidence of a gift to remand this cause for a new trial." BRIEF OF APPELLEE at 14. "[T]his Court of Appeals upheld the trial court's decision that Mr. William H. McNutt had orally gifted the house, previously known as the foreman's house, situated in the specifically identified and completely segregated part of the McNutt Ranch, referred to as the 'North side' and remanded to have the trier of fact determine 'an appropriate amount of acreage necessary for the full use and enjoyment of the house . . .' " BRIEF OF APPELLEE at 17-18. "[T]his particular 'foreman's' house [was] already determined to have been gifted to Sherry McNutt." BRIEF OF APPELLEE at 20.

As with the previous allegation, this Court did no such thing. Neither the

majority nor the dissent found *any* evidence of a gift of the foreman's house to Sherry or, for that matter, any pleadings asserting such a gift. *See id.* at 197 (agreeing with the trial court that the theory of a gift of the foreman's house and the surrounding 5 acres to provide for water and access to IH 10 was neither argued nor developed at trial); *McNutt*, 405 S.W.3d at 198 (Marion, J., dissenting) ("I believe the evidence does not support a finding that any oral gift was made").

3.    "[T]here is legally sufficient evidence that a reasonable factfinder could conclude that William H. McNutt gifted his daughter the foreman's house and an appropriate amount of land that encompassed half of the north side of his ranch." BRIEF OF APPELLEE at 14. Sherry's pleadings do not allege that her father, Bill McNutt, gave her half of the North Side. *See* Supp. CR 2/1295 (THIRTEENTH AMENDED PETITION at 2). Instead, her Thirteenth Amended Petition alleges that Bill gave her the foreman's house, 5 acres, and Pasture 9, nothing more. *See id.* at 2, ¶ 5. There is *no evidence* that Bill McNutt ever gave Sherry "an appropriate amount of land for the full use and enjoyment" of the foreman's house. Further, Sherry's assertion begs the question, "Which half? What are the metes and bounds?" *See, e.g.*, RR2/271:10-14 (Court:"[Y]ou can't prove one bit of that and you know it.").

4. "Appellee testified at trial regarding what was necessary to fully enjoy the foreman's house." BRIEF OF APPELLEE at 19. Again, there is no citation to the record to substantiate Sherry's assertion. But if the Court looks at the Ranch Entities' opening brief at page 50, it is plain that Sherry never addressed what would be necessary for the "full use and enjoyment of the *foreman's house.*" Instead Sherry answered about how much land would be necessary for raising cattle, sheep, goats, and hunting deer, wild game or exotic game – "acreage enough to run those operations." RR 3/10:14-11:2.

Two points: (a) Sherry never testified as to *any* amount of acreage, and (b) she never testified about "use and enjoyment" of the house. She testified only about raising livestock and hunting game, neither of which is any evidence as to the question asked in Question No. 2. And that's assuming Question No. 2 was legally proper in the first instance, which it was not.

5. "Appellee presented without objection, and with the wavier (sic) and acquiescence of Appellant's trial counsel, during various cross-examination, testimony relevant to the 20 year plus history of the possession of the house and property without limitation or restriction by William H McNutt for Sherry McNutt's full use and enjoyment of the house." BRIEF OF APPELLEE at 20-21. This statement ignores the law of the case and this Court's

opinion in *McNutt I. McNutt*, 405 S.W.3d at 196-97, wherein this Court agreed with the trial court's finding that Sherry had failed to show possession during the previous trial.

> "[W]e believe the trial court found no oral gift on the basis that the evidence was insufficient to establish Sherry's *possession* as to the 2000 acres.... Accordingly, we agree with the trial court's finding that Sherry failed to meet her burden of proving an oral gift as to 2000 acres."

*Id.*

Because this Court found that Sherry failed to show possession of the 2000 acre/North Side of the McNutt Ranch in the previous trial, she cannot now prove that she *possessed* some part of those 2000 acres in an attempt to prove a gift of the foreman's house and some unidentified portion of the 2000 acres as an adjunct to the supposed gift of that house.

# SUMMARY OF THE ARGUMENT

Sherry never addresses the key issue in this case – why she is entitled to a judgment awarding her "½ of North Side" of the McNutt Ranch without proving the elements of an oral gift of real estate as to the award of that acreage as an exception to the statute of frauds.

Even though it is *the* issue upon which this case turns, Sherry makes only one passing reference to the statute of frauds in her entire brief noting only that Question No.1 required proof of the elements of the oral-gift-of-real-estate exception to the statute of frauds as to the "gift" of the foreman's house. *See* BRIEF OF APPELLEE at 21.

Sherry then alludes to some amorphous "equitable exception" related to Question No. 2 but never cites any authority that creates or supports such an exception and never explains why the oral-gift-of-real-estate exception to the statute of frauds does not also apply to the jury's answer to Question No. 2 as it does to Question No. 1.

In addition, Sherry erroneously attempts to shift the burden of proof to the Ranch Entities by inferring that there is a presumption of a gift here benefitting Sherry. She suggests it is the Ranch Entities' burden to *disprove* her assertion she was given the foreman's house and some attendant amount

6

of acreage. *See* BRIEF OF APPELLEE at 5, 12. However, even if the law on presumptions of the gift is as Sherry cites it, she never proved the predicate facts required to invoke such a presumption.

This Court remanded this case for a new trial to give Sherry the opportunity to develop the unpled and unproven theory created out of whole cloth by the trial court of an oral gift of the foreman's house and a small plot of land to go with the house to provide access to water and the highway. But, rather than take advantage of that opportunity and abide by the repeated directions of the trial court on retrial, Sherry insisted upon submitting the case to the jury on a theory unknown to the law in an attempt to subvert the earlier findings of the trial court and of this Court that she had failed to prove an oral gift of the 2000 acre/North Side of the McNutt Ranch, which included the foreman's house.

Even if Sherry's theory on remand was cognizable in the law, which it is not, she failed to prove the elements of her theory of the case by clear and convincing, legally and factually sufficient evidence that Bill McNutt gifted the foreman's house to her in 1983 or that a certain *amount* of acreage was necessary for the <u>full use and enjoyment of that house.</u>

This Court should reverse the judgment of the trial court and render judgment that Sherry take nothing.

**ARGUMENT AND AUTHORITIES**

**I.      Sherry never addresses how or why she is entitled to an award of "½ of North Side" without proving an exception to the statute of frauds.**

Sherry makes mention of the statute of frauds only once in her entire brief when she notes obliquely that "[t]he trial court submitted its charge based on the pleadings, the oral gift exception to the statute of frauds as to the foreman's house." *See* BRIEF OF APPELLEE at 21. She then goes on to make reference to the "equitable exception concerning the developed testimony on the appropriate amount of acreage for the full use and enjoyment of the 'foreman's' house. " *See id.* However, she fails to cite any legal authority that creates or supports a supposed "equitable exception" to the statute of frauds other than the oral-gift exception. Additionally, she fails to address, much less explain and justify, why proof of the elements of the oral-gift exception to the statute of frauds should not apply equally to Question No. 2 as it does to Question No. 1.

The only reason the jury answered Question No. 2 with relation to some portion of the North Side of the McNutt Ranch was because of Sherry's egregious failure and refusal to follow the strict instructions of the trial court not to allude to some gift of the 2000 acres because that issue had already

8

been decided against her. RR 2/ 194: 20-21 (Court: "no reference to a gift of the 2,000 acres is to be mentioned, period");RR2/155:11- 156:17, 194:13-195:12, 196:17-200:14, 263:5-274:24; *see also* PRETRIAL MTNS RR dtd 2.7.14, at 42:21-43:2, 43:8-11, 44:6-18, 45:4-6.

## II.    Sherry's attempt to shift the burden of proof to the Ranch Entities to *disprove* her supposed "gift" is misguided.

Sherry cites case law that a presumption of gift arises in three circumstances: if a parent (1) delivers possession, (2) conveys title, or (3) purchases property in the name of the child, and seeks to infer that that law has some applicability here. *See* BRIEF OF APPELLANT at 5, 12. However, she fails to state how or why that is the case. Moreover, because she never argued that to the trial court or requested that such an instruction be given to the jury, her belated argument has no relevance to the matters at hand. *See Osterberg v. Peca*, 12 S.W.3d 31, 55 (Tex. 2000) (holding, when no objection is made to jury charge, sufficiency of evidence is measured against charge given by court rather than some other unidentified law).

Indeed, even if the presumption-of-gift theory had any applicability here, which it does not, Sherry has failed to establish any of the predicate circumstances that would give rise to any such rebuttable presumption. *See Bellamy v. State*, 742 S.W.2d 677, 682 (Tex. Crim. App. 1987) (explaining that

no "rebuttable presumption" arises and opposing party has no burden to disprove anything until "predicate fact has been shown"); *see, e.g.,Technical Chem. Co. v. Jacobs*, 480 S.W.2d 602, 606 (Tex. 1972) (" 'Where warning is given, the seller may reasonably assume that it will be read and heeded.' RESTATEMENT (SECOND) OF TORTS § 402A, cmt. j (1965)"); *Tomhave v. Oaks Psychiatric Hosp.*, 82 S.W.3d 381, 385 (Tex. App.—Austin 2002, pet. denied) (quoting TEX. HEALTH & SAFETY CODE § 161.134(f) "it is a rebuttable presumption that the plaintiff's employment was suspended or terminated, or that the employee was disciplined or discriminated against, for making a report related to a violation *if* the suspension, termination, discipline, or discrimination occurs before the 60th day after the date on which the plaintiff made a report in good faith") (emphasis added). Hence, Sherry's insinuation at page 12 of her brief that somehow the Ranch Entities had to *disprove* her alleged gift is legally incorrect.

**III. Sherry failed to provide clear and convincing, legally and factually sufficient evidence of any exception to the statute of frauds that would permit the trial court to render judgment in her favor as to the foreman's house, much less any acreage.**

As set out in the Ranch Entities' opening brief, to overcome the statute of frauds Sherry has to prove the elements of an oral gift, not only as to the house but also as to any acreage claimed. *See* BRIEF OF APPELLANTS at 14-15.

To prove an oral gift of real estate as an exception to the writing requirement of the statute of frauds, the claimant must show (1) a present gift, (2) taking immediate possession, and (3) making permanent and valuable improvements to the gift (4) all with the acquiescence of the donor. *Dawson v. Tumlinson*, 150 Tex. 451, 242 S.W.2d 191, 192-93 (Tex. 1951). But Sherry failed to prove those elements as to any gift to her from her father in 1983 but, most particularly, she failed to prove the elements of an oral gift of real estate as to the jury's award of "½ the North Side." *See, e.g.*, Brief of Appellant at 47-49.

One example among many demonstrates Sherry's failure to prove the elements of an oral gift of real estate. In 2005, twenty-two years after the supposed gift to Sherry from her father, Bill McNutt, through his attorney, set forth rules with which Sherry would have to comply if she intended to continue living in the foreman's house. RR 6/PX4 (Harry Adams' Letter to Sherry) (App'x Tab 3 to Appellants' Opening Brief). As proof that Bill was still in control, Sherry testified that she abided by the directives set forth in the Adams' letter so as not to jeopardize her continued residence on the property. RR 3/108:22.

Additionally, Sherry's own testimony belies her claim to the foreman's

house as her own since 1983. She testified that the use of the foreman's house as her residence and the improvements to it, all paid by her parents, were a "perk" of her employment as ranch foreman on the McNutt Ranch. RR3/44:10-47:5. Moreover, after eight years of litigation, she has yet to provide one receipt showing that she paid for anything associated with the foreman's house of any part of the ranch. It was all paid for by her father. RR3/44:13-46:20.

Plainly, Bill had not given up the rights of control that go along with ownership as late as 2005, more than two decades after the supposed gift. Sherry's failure to demonstrate that in 1983, and thereafter, she had taken control of the foreman's house to the exclusion of Bill McNutt is fatal to her case. The judgment of the trial court should be reversed and judgment should be rendered that Sherry take nothing.

## IV. Sherry may not retry – by consent, waiver, or otherwise – issues that were decided previously as a matter of law and which the trial had clearly stated were not being retried.

As stated earlier, the trial court held that "the evidence was insufficient to establish Sherry's possession as to the 2000 acres." *McNutt I*, 405 S.W.3d at 196. The one and only issue that was remanded for possible development at a new trial was "the theory of an oral gift of the house AND an appropriate

amount of acreage for the full use and enjoyment of the house." *See id.* at 197 (emphasis added).

Nonetheless, Sherry intimates without explanation or argument that some part of the case she was required to prove on retrial was tried by consent or waiver. *See* BRIEF OF APPELLEE at 21 ("Appellee presented without objection, and with the wavier (sic) and acquiescence of Appellant's trial counsel, during various cross-examination, testimony relevant to the 20 year plus history of the possession of the house and property without limitation or restriction by William H. McNutt for Sherry McNutt's full use and enjoyment of the house.");22 ("The trial court submitted the charge that reflected all the admitted evidence, whether from directed examination or cross-examination, tried by consent or waived, but before the jury and the "law of the case". (sic)).

The trial court made abundantly clear that counsel for the Ranch Entities had not "opened the door" to a retrial of any of the issues from the first trial and that the only issue being tried was as stated above, in the first paragraph of this section. Despite that clarity Sherry persistently attempted to infect the jury deliberations with claims of a gift of the "North Side" in violation of the trial court's numerous and repeated admonitions that the issue of the oral gift of the "North Side" or the "2000 acres" could not even be

mentioned much less be retried. RR2/155:11- 156:17, 194:13-195:12, 196:17-200:14, 263:5-274:24; *see also* PRETRIAL MTNS RR dtd 2.7.14, at 42:21-43:2, 43:8-11, 44:6-18, 45:4-6. Clearly, the trial court did not permit anything to be tried by consent or waiver.

More than that, however, if Sherry is arguing that some issue was tried by consent, she was required to squarely present that issue to the trial court at the time. *State v. J. M. Huber Corp.*, 145 Tex. 517, 199 S.W.2d 501, 502 (Tex. 1947) (reviewing courts "are not authorized to consider a question . . . which was not before the lower courts and which they were never called upon to decide"). She presented nothing of the sort and made no argument to that effect to the trial court.

## V. Sherry's theory of the case is legally defective and she even failed to prove that theory.

This Court gave Sherry the opportunity on remand to develop the legal theory of an oral gift of real estate, which included the foreman's house AND some appropriate amount of acreage for its full use and enjoyment. *McNutt I*, 405 S.W.3d at 197. But she failed to take advantage of that opportunity insisting, instead, that this Court remanded two issues: (1) an oral gift of the foreman's house, and (2) the automatic entitlement to some amount of land if a fact-finder found a gift of the house. BRIEF OF APPELLEE at 22. Sherry's

14

theory of the case fell right in line with the trial court's faulty presumption that the gift of a house *automatically* carried with it some amount of land, "which includes access to water, sufficient evidence relative to the well, but only the fact that there is access to the water and that it includes access to highway ten, I-10 service road." *See id.* at 196 n.1.

Moreover, Sherry persistently ignored the trial court's directions and admonishments about the only evidence relevant to the issue that was going to be before the jury.

| The Court: | [Speaking to Sherry's counsel] You know as well as anybody else in this courtroom that I have made it plain that the only issue they can go into is what amount of land, not what particular plot of land. Does she think she needs five acres. Does she think she needs ten acres, and how to explain what she needs and why she needs it and how she's going to use it. |
|---|---|

RR 2/263:14-20.

| The Court: | [To Sherry's counsel] -- well, instruct her how to testify. She's your witness. You've got to tell her that all she can say in this case is, I think I ought to have 50 acres. I think I ought to have a hundred acres, and be ready to explain how she reaches that, not because she was able to occupy those pieces of property. |
|---|---|
| Mr. White: | Or taking possession is what she said. |
| The Court: | Or taking possession of it, yes, but because she just thinks she has to use it for certain purposes, and I'm not going to say any more than that, but that's – I've |

already gone overboard in this case, and I don't want to keep dragging it through this now.

RR 2/264:11-25.

Despite the trial court's explicit instruction that the only relevant evidence was an *amount* of land, neither Sherry nor any of her witnesses ever provided any testimony about a specific amount of acreage or an expressly identifiable gift. The trial court, again, instructed Sherry's counsel that he needed to provide a specific, reasonable amount of land.

The Court: You had every opportunity in that case to say and – and you still can do it, but we are asking is a reasonable amount of land, whatever it is, but you're going to have to prove to this jury and – and – that that is a reasonable amount of land, and I'll guarantee you they have the right to say it's not. Now that's just all there is to it.

RR 2/272:7-13.

Sherry never did any of those things. How can Sherry prove the elements of an oral gift of real estate without every identifying what that gift was? What was it she took possession of and made permanent and substantial improvements to and of which Bill gave up all incidents of ownership in her favor?

16

**CONCLUSION**

Sherry's failed to prove her case for multiple reasons:

1) She acquiesced to the trial court's erroneous formulation and submission of the jury questions on a legal theory unknown to Texas law.

2) Nothing in Texas law supports the assertion that the gift of a house creates a presumption of an automatic conveyance of some amount of real estate to go with it.

3) She cannot be entitled to the award of some unidentified amount of acreage as awarded by the jury in answer to Question No. 2 because she failed to prove any exception to the writing requirement of the statute of frauds; i.e. the elements of an oral gift of real estate.

4) The evidence showing that a shorthand reference to the "foreman's house," as it is still known today, as Sherry's house, is subject to the equal inference rule and is no legal evidence probative of Sherry's ownership. The inference from those comments is no more indicative of Sherry's ownership of the house than it is simply that Sherry resided there from time to time.

5) Even if the trial court's two-issue submission of the remand of the lone legal theory of the oral gift of the foreman's house AND the necessary acreage for the full use and enjoyment of that house was

proper, Sherry failed to provide legally and factually sufficient, clear and convincing evidence in support of the jury's answer to either Question No. 1 or Question No. 2.

**PRAYER**

Relying on its opening brief and the argument and authority herein, the Ranch Entities ask this Court to reverse the judgment of the trial court and render judgment that Sherry take nothing.

Alternatively, this Court should reverse the judgment of the trial court and remand this cause for a new trial, with instructions that Sherry be required to prove the elements of an oral gift of real estate both as to the foreman's house and the explicitly defined plot of land she claims to have been gifted.

Respectfully submitted,

/S/ *Jeff Small*

| | |
|---|---|
| Craig L. White | Jeff Small |
| State Bar No. 21292400 | State Bar No. 00793027 |
| LAW OFFICE OF CRAIG L. WHITE | LAW OFFICE OF JEFF SMALL |
| 111 West Olmos Drive | 12451 Starcrest Dr, Suite 100 |
| San Antonio, Texas 78212 | San Antonio, TX 78216.2988 |
| 210. 829.7183/f: 210. 829.0734 | 210.496.0611/f: 210.579.1399 |
| craigwhite@111westolmos.com | jdslaw@satx.rr.com |

Counsel for Appellants

## CERTIFICATE OF COMPLIANCE

In accordance with Texas Rule of Appellate Procedure 9.4, by signature below I certify that the foregoing computer-generated brief contains 3970 words.

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of September, 2015, a true and correct copy of the Brief of Appellants was served on counsel of record/interested parties in accordance with the Texas Rules of Civil Procedure.

John F. Nichols, Sr.
State Bar No. 14996000
NICHOLS LAW, PLLC
5020 Montrose, Suite 400
Houston, Texas 77006
713.654.0708/F: 713.654.0706
john@nicholslaw.com

Gene Garcia
State Bar No. 07634500
809 S. Port Ave.
Corpus Christi, TX 78405
361.88.8651/f: 361.288.8392
gene@garciatexaslaw.com

/S/ *Jeff Small*

Jeff Small
Craig L. White