

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00618-CV

Denise **CORKILL**,
Appellant

v.

Diane **GUEVARA** and Alyssa Guevara,
Appellees

From the 229th Judicial District Court, Duval County, Texas
Trial Court No. DC-17-140
Honorable Jose Luis Garza, Judge Presiding

Opinion by:    Irene Rios, Justice

Sitting:        Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice
                Irene Rios, Justice

Delivered and Filed: May 29, 2019

AFFIRMED

Appellant Denise Corkill ("Corkill") appeals from the trial court's order granting traditional and no-evidence summary judgment in favor of appellees Diane and Alyssa Guevara (jointly, "the Guevaras"). We affirm the trial court's judgment.

## Background

In 2003, Robert Guevara ("Robert") inherited real property located in Benavides ("the Property"). Robert's cousin, Corkill, claims she began maintaining the Property in 2011 and continued doing so after 2015 because Robert said "he was giving" the Property to her.

In December 2015, after receiving a diagnosis of terminal cancer, Robert executed a will in which he specifically bequeathed the Property to his wife, appellee Diane Guevara. Robert died on March 12, 2016. In August 2017, Corkill filed an original petition in the trial court against Diane and her daughter Alyssa seeking declaratory judgment that Corkill is the owner of the Property because Robert made an oral gift of the Property to Corkill. The Guevaras filed a traditional and no-evidence motion for summary judgment, arguing Corkill cannot establish a valid oral gift. The trial court granted the motion, and Corkill appeals.

## Standard of Review

Where, as here, a defendant moves for both traditional and no-evidence summary judgment and the trial court grants summary judgment without stating its grounds, we first review the trial court's decision as to the no-evidence motion for summary judgment. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). We review the grant of no-evidence summary judgment de novo. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156 (Tex. 2004).

A party moving for no-evidence summary judgment is entitled to judgment if, "[a]fter adequate time for discovery, . . . there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial." TEX. R. CIV. P. 166a(*i*). The trial court "must" grant a no-evidence motion for summary judgment unless the non-moving party produces evidence raising a genuine issue of material fact. *Id.* "A genuine issue of material fact exists if more than a scintilla of evidence establishing the existence of the challenged element is produced." *Ridgway*, 135 S.W.3d at 600.

## Discussion

In a single issue on appeal, Corkill argues the trial court erred in granting summary judgment in the Guevaras' favor because the summary judgment evidence demonstrates Robert made an oral gift of the Property to Corkill. To establish an oral gift of real property, Corkill bears

the burden to demonstrate: (1) Robert made a present gift to Corkill; (2) Corkill possessed the Property with Robert's consent; and (3) either (a) Corkill made permanent and valuable improvements to the Property with Robert's knowledge or consent, or (b) facts exist that would make it a fraud upon Corkill not to enforce the gift. *See In re Estate of McNutt*, 405 S.W.3d 194, 196 (Tex. App.—San Antonio 2013, no pet.).

We first consider whether the summary judgment evidence raises a genuine issue of material fact regarding whether Robert made a present gift to Corkill. To establish a present gift, Corkill must show that at the time he made the gift, Robert intended to release all dominion and control over the Property to Corkill such that Corkill's possession was in the nature of an owner's right to the Property. *See id.* at 199 (Marion, J., dissenting) (citing *Thompson v. Dart*, 746 S.W.2d 821, 825 (Tex. App.—San Antonio 1988, no writ)). "Statements to the effect that a donor is 'going to give,' or will give the gift at some later date, do not show an intent to make a present gift." *Walker v. Walker*, No. 14-16-00357-CV, 2017 WL 1181359, at *5 (Tex. App.—Houston [14th Dist.] Mar. 30, 2017, no pet.) (mem. op.) (citing *Flores v. Flores*, 225 S.W.3d 651, 657 (Tex. App.—El Paso 2006, pet. denied); *Thompson*, 746 S.W.2d at 826–27; *Massey v. Lewis*, 281 S.W.2d 471, 474 (Tex. App.—Texarkana 1955, writ ref'd n.r.e.)). "Because a will is without legal effect until the time of the testator's death, a statement that a testator intends to bequeath property in a will evinces only an intention to make the gift in the future." *In re Estate of Wright*, 482 S.W.3d 650, 664 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) (Frost, C.J., dissenting) (citing *O'Donnell v. Halladay*, 152 S.W.2d 847, 851 (Tex. Civ. App.—El Paso 1941, writ ref'd n.r.e.)). Therefore, "[a] gift by will is a future gift, not a present gift." *Id.*

In contrast, courts have found a present gift where the summary judgment evidence showed the grantor released to the grantee the rights and responsibilities of ownership. *See, e.g., Starr v. A.J. Strauss & Co.*, No. 01-14-00702-CV, 2015 WL 4139028, at *5 (Tex. App.—Houston [1st

Dist.] July 9, 2015, no pet.) (mem. op.) (evidence demonstrated present gift where grantor "expressly granted to [grantee] the rights and responsibilities of ownership, including funding and authorizing the replacement of the air conditioning system"); *Estate of Wright*, 482 S.W.3d at 658 (evidence demonstrated present gift where grantor transferred insurance policy to grantee's name and grantee paid insurance premiums and dealt exclusively with insurance company during mold remediation); *Troxel v. Bishop*, 201 S.W.3d 290, 300 (Tex. App.—Dallas 2006, no pet.) (evidence demonstrated present gift where grantor directed agent to transfer legal interest to grantee by deed).

Here, the only summary judgment evidence Corkill identified to demonstrate a present gift was her affidavit and screenshots of text messages purportedly sent to Corkill by Diane and Robert.[1] In her affidavit, Corkill states: "Robert Guevara told me he was giving me the [Property]." In a text message, Robert wrote: "I'm willing my Dad's house to you. I may ask you to ship anything worth saving to me." In several text messages, Diane wrote:

- . . . I already know Bob wants you to have it so it's yours I mean I already consider it yours no matter what. I don't want to deal with it anymore anyway.

- I am very happy that house and land will stay in the Guevara family and if you turn around and sell it that is fine. No judgment on my part. It is Bob and I's gift to you;

- He really loves you and wants me to give over the house and land to you; and

- Well, once Bob passes we need to figure out the transaction for transferring everything to you. Bob said he and I get a tax write off for owning that house. When I do the taxed [*sic*] and see how much it is . . . well, if it is miniscule, I

---

[1] The Guevaras objected to the screenshots of text messages on the basis that they are partially illegible, undated, and irrelevant. The Guevaras also objected to statements contained in Corkill's affidavit. The record, however, does not reflect that the trial court ruled or refused to rule on any of the Guevaras' objections, and we may not infer the objections were sustained merely because the trial court granted summary judgment. *See Seim v. Allstate Tex. Lloyds*, 551 S.W.3d 161, 166 (Tex. 2018). Therefore, we may consider the evidence to determine whether it raises a fact issue sufficient to defeat summary judgment. *See Well Solutions, Inc. v. Stafford*, 32 S.W.3d 313, 317–18 (Tex. App.—San Antonio 2000, no pet.).

would like to transfer it to you asap. If it is substantial and will help me get by this year, we will maybe wait until Nov. or Dec. I guess.

It is unclear from the record when the text messages were sent.

Taking all of this evidence as true, it is not more than a scintilla of evidence demonstrating Robert intended to _presently_ release all dominion and control over the Property to Corkill. *See Estate of McNutt*, 405 S.W.3d at 199 (Marion, J., dissenting). Rather, the evidence demonstrates Robert intended to "will" the Property to Corkill upon his death, and Diane's text messages confirm the Property would be transferred to Corkill "once Bob passes." "A gift by will," however, "is a future gift, not a present gift." *Estate of Wright*, 482 S.W.3d at 664 (Frost, C.J., dissenting). Further, Corkill's evidence demonstrates Robert and Diane retained at least some rights and responsibilities of ownership until Robert's death, including to the right to receive a "tax write off" for the Property. *See Walker*, 2017 WL 1181359, at *6 (no present gift where grantor continued paying property taxes).

Therefore, while the evidence demonstrates Robert expressed an intention to make a future gift of the Property to Corkill, there is no evidence in the record showing Robert "intend[ed] an immediate divestiture of the rights of ownership out of himself and a consequent immediate vesting of such rights in" Corkill. *See Estate of McNutt*, 405 S.W.3d at 199 (Marion, J., dissenting); *see also Troxel*, 201 S.W.3d at 300. Because Corkill failed to produce evidence raising a genuine issue of material fact as to the first element of an oral gift, we conclude the trial court did not err in granting the no-evidence summary judgment motion in the Guevaras' favor.

Corkill's sole issue is overruled.

## Conclusion

Because we overrule Corkill's sole issue on appeal, we affirm the trial court's judgment.

Irene Rios, Justice